**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Deborah Ann STOUDENMIRE,**
**Defendant–Appellant.**

**No. 95–5354.**

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 8, 1995.

Decided Jan. 29, 1996.

**62**

**ARGUED:** George Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Samuel Bowler, Assistant United States Attorney, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Janice McKenzie Cole, United States Attorney, Raleigh, North Carolina, for Appellee.

Before WILKINS and NIEMEYER, Circuit Judges, and PAYNE, United States District Judge for the Eastern District of Virginia, sitting by designation.

Affirmed by published opinion. Judge WILKINS wrote the opinion, in which Judge NIEMEYER and Judge PAYNE joined.

## OPINION

WILKINS, Circuit Judge:

Deborah Ann Stoudenmire was convicted of larceny of personal property within the special maritime and territorial jurisdiction of the United States, *see* 18 U.S.C.A. § 661 (West 1976), and aiding and abetting larceny, *see* 18 U.S.C.A. § 2 (West 1969). She now challenges her conviction, principally contending that her trial did not begin within 70 days of her indictment as required by the Speedy Trial Act (STA). We affirm.

### I.

An officer of the Dare County Sheriff's Department, assisted by a United States Park Ranger, arrested Stoudenmire and her codefendant, Thomas Michael Brooks, near the Cape Hatteras National Seashore in North Carolina after stopping the U–Haul truck in which they were traveling. A subsequent search of the truck revealed several items that had been reported stolen from other vehicles in the area earlier that same day.

The pertinent pretrial proceedings began on July 29, 1994. Stoudenmire made her initial appearance on this day, and a few days later she was released on bond. On August 23, Stoudenmire and Brooks were indicted by a federal grand jury on two counts of larceny and aiding and abetting larceny. Stoudenmire filed several pretrial motions on September 22, and after conducting a hearing on November 2, the district court ruled on the motions in an order dated December 2.

Three days later, on December 5, Stoudenmire was arraigned before a United States District Judge.[1] Although her trial had been scheduled to begin that same day as well, in an order filed December 9, the district court granted a continuance and rescheduled her trial date for January 17, 1995. This order noted that the delay resulting from the continuance would be excluded from the calculation of Stoudenmire's STA time, but also explained that her trial could not begin on December 5 due to previously scheduled criminal trials. The district court subsequently issued an order on January 5 transferring the case to another district judge's docket. As with the earlier continuance, the court cited docket congestion as necessitating the transfer. On January 13, Stoudenmire filed a motion to dismiss her indictment, claiming that the Government had violated the STA by failing to bring her to trial within 70 days of the filing of her indictment. The district court heard argument on and denied the motion immediately prior to the commencement of the trial on January 17.

### II.

#### A.

Stoudenmire claims that her conviction must be reversed and the indictment dismissed because her trial was not in compliance with the STA. The STA provides that a defendant's trial must begin within 70 days of either the day the indictment was

---

1. On this same date, Brooks pled guilty to one count of the indictment in exchange for the Government dismissing the other.

filed or made public, or the day the defendant made his or her first appearance before a judicial officer of the court in which the charge is pending, whichever is later. 18 U.S.C.A. § 3161(c)(1) (West 1985); *United States v. Carey,* 746 F.2d 228, 229 n. 1 (4th Cir.1984), *cert. denied,* 470 U.S. 1029, 105 S.Ct. 1398, 84 L.Ed.2d 786 (1985). In determining this 70–day period, the day of the event that triggers the STA clock, *i.e.,* the filing or opening of the indictment or the initial appearance, is not included in the calculation; the clock begins to run the following day. *See United States v. Ortega–Mena,* 949 F.2d 156, 158 (5th Cir.1991); *United States v. Vasser,* 916 F.2d 624, 626 (11th Cir.1990), *cert. denied,* 500 U.S. 907, 111 S.Ct. 1688, 114 L.Ed.2d 82 (1991); *United States v. Blackmon,* 874 F.2d 378, 380 (6th Cir.), *cert. denied,* 493 U.S. 859, 110 S.Ct. 168, 107 L.Ed.2d 125 *and* 493 U.S. 862, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989); *see also* Fed.R.Crim.P. 45(a) ( "In computing any period of time the day of the act or event from which the designated period of time begins to run shall not be included." ).

▇▇▇ In addition, the STA enumerates periods of delay that are to be excluded in calculating the 70–day period. 18 U.S.C.A. § 3161(h) (West 1985); *see United States v. Keith,* 42 F.3d 234, 237 (4th Cir.1994). These specified periods include any "delay resulting from other proceedings concerning the defendant." 18 U.S.C.A. § 3161(h)(1). For example, even when the arraignment is not the event that triggers the running of the STA clock, the day of the arraignment is excluded from the calculation.[2] *See Ortega–Mena,* 949 F.2d at 158; *United States v. Yunis,* 723 F.2d 795, 797 (11th Cir.1984). Moreover, the period of delay resulting from pretrial motions is excluded, a period that encompasses the time "from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C.A. § 3161(h)(1)(F). Thus, the day a motion is filed through the day the

district court holds a hearing on the motion is excluded. *See Henderson v. United States,* 476 U.S. 321, 332, 106 S.Ct. 1871, 1877–78, 90 L.Ed.2d 299 (1986); *United States v. Parker,* 30 F.3d 542, 546 (4th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 605, 130 L.Ed.2d 515 (1994). If the court does not dispose of the motion during the hearing, the STA permits the exclusion of an additional period—not to exceed 30 days—during which the court holds the motion under advisement and continuing through the day the order ruling on the motion is entered. *Parker,* 30 F.3d at 542.[3] Furthermore, a motion to dismiss alleging a violation of the STA is treated as any other pretrial motion. *See id.* at 547; *United States v. Wright,* 990 F.2d 147, 149 n. 4. (4th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 199, 126 L.Ed.2d 157 (1993).

### B.

▇▇▇ Turning to the application of these principles to the facts presented, we begin by noting that this court reviews de novo legal conclusions of the district court related to its interpretation of the Speedy Trial Act, while factual findings related to the STA are reviewed for clear error. *United States v. Reavis,* 48 F.3d 763, 770 (4th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 2597, 132 L.Ed.2d 844 (1995). Since the facts are undisputed here, we must make an independent determination of the number of days to be included in the STA calculation.

▇▇▇ Having conducted a de novo analysis, we find no STA violation. Because Stoudenmire made her initial appearance prior to her indictment, August 23—the day of her indictment—triggers the STA clock and is excluded. The clock began the following day, August 24, and continued to run until September 22, the day Stoudenmire filed pretrial motions. This latter day is excluded because it is the day on which a motion was filed. Thus, 29 includable days passed between August 23 and September 22.

---

2. If the arraignment is the defendant's first appearance before a judicial officer of the court, then the arraignment triggers the STA clock. *See, e.g., Blackmon,* 874 F.2d at 380.

3. This additional period of excludable delay does not begin until the court has received any post-hearing submissions from the parties. All time the court must await these submissions is properly excluded as well. *Parker,* 30 F.3d at 542.

The STA clock was stopped from September 22 through November 2 when the district court conducted a hearing on Stoudenmire's motions. It remained tolled for another 30 days through December 2, the day the district court issued its order disposing of the motions. The following day, December 3, the STA clock began again. It stopped on December 5 when Stoudenmire appeared for arraignment, resumed on December 6, and ran until January 13 when Stoudenmire filed her motion to dismiss based upon the alleged violation of the STA.[4] As with any other pretrial motion, January 13—the day Stoudenmire filed the motion—is excluded. The clock remained tolled until January 17, the day the motion was denied and the trial began. Accordingly, 40 includable days passed between September 22 and January 13. When added to the 29 includable days that accrued between August 23 and September 22, a total of 69 includable days ran under the STA clock between the day of Stoudenmire's indictment and the day her trial began. Therefore, the timing of her trial did not violate the Speedy Trial Act.[5]

### III.

We conclude that the district court did not err in ruling that Stoudenmire's trial was timely under the STA. We have carefully reviewed the other arguments raised by Stoudenmire and find no reversible error. Consequently, we affirm her conviction.

*AFFIRMED.*

---

4. The period excluded by the continuance order filed on December 9, however, was not properly excludable. Although purporting to exclude this period as an ends of justice continuance, the district court granted the continuance for reasons that amounted to docket congestion. Because the STA prohibits a district court from properly granting a continuance due to "general congestion of the court's calendar," 18 U.S.C.A. § 3161(h)(8)(C), any period of delay resulting from such a continuance may not be excluded, *see United States v. Gallardo,* 773 F.2d 1496, 1505 (9th Cir.1985).

5. Because our independent calculation does not reveal an STA violation, we need not address

Stoudenmire's principal argument that delay resulting from an intradistrict transfer is not excludable under 18 U.S.C.A. § 3161(h)(1)(G). We note, however, that this issue has divided the circuits. *Compare United States v. Cheek,* 3 F.3d 1057, 1066 (7th Cir.1993) (holding delay resulting from intradistrict transfer is excludable), *cert. denied,* —— U.S. ——, 114 S.Ct. 1055, 127 L.Ed.2d 376 (1994); *United States v. Glasser,* 773 F.2d 1553, 1557 (11th Cir.1985) (same), *with United States v. Penta,* 898 F.2d 815, 818–19 (1st Cir.) (holding delay resulting from intradistrict transfer is not excludable), *cert. denied,* 498 U.S. 896, 111 S.Ct. 246, 112 L.Ed.2d 205 (1990).