**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 96-4359

JAMES AUGUSTUS BRYANT,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-93-330-MJG)

Argued: October 29, 1997

Decided: February 2, 1998

Before WILKINS and MOTZ, Circuit Judges, and CAMPBELL,
Senior Circuit Judge of the United States Court of Appeals for the
First Circuit, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Laura Maroldy, MCDANIEL & MARSH, Baltimore,
Maryland, for Appellant. Philip S. Jackson, Assistant United States
Attorney, Baltimore, Maryland, for Appellee. **ON BRIEF:** William
Alden McDaniel, Jr., MCDANIEL & MARSH, Baltimore, Maryland,
for Appellant. Lynne A. Battaglia, United States Attorney, Baltimore,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Augustus Bryant appeals his convictions of seven counts of conspiracy to distribute controlled substances. He asserts that his convictions should be vacated and his case dismissed with prejudice because his trial commenced more than seventy non-excludable days after his arraignment in violation of the Speedy Trial Act, 18 U.S.C. § 3161 (1975). For the reasons set forth within, we affirm.

We review a district court's legal interpretations of the Speedy Trial Act under a de novo standard, and its factual findings for clear error. United States v. Stoudenmire, 74 F.3d 60, 62 (4th Cir. 1996). Because the facts are undisputed here, we must make"an independent determination of the number of days to be included in the [Speedy Trial Act] calculation." Id.

Under the Act, a defendant's trial must commence"within seventy days from the filing date (and making public) of the. . . indictment, or from the date defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The Act provides that the accrual of the seventy-day period will be tolled under certain circumstances. Among the time excludable from the seventy-day period is:

> [delay] resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the

2

> court sets forth, in the record of the case, either orally or
> in writing, its reasons for finding that the ends of justice
> served by the granting of such continuance outweigh the
> best interests of the public and the defendant in a speedy
> trial.

18 U.S.C. § 3161 (h)(8)(A). (Emphasis added).

Bryant was arraigned on September 3, 1993. Largely because of various procedural difficulties, including the certification of a crucial wiretap issue for decision by the Maryland Court of Appeals, Bryant's trial did not commence until December 18, 1995. Although 833 days elapsed between Bryant's arraignment and trial, he only asserts that the 160 days between the original trial date, July 10, 1995, and the ultimate trial date, December 18, 1995, were not properly excluded from the Act's seventy-day period. Accordingly, our discussion focuses on that period, and the events leading up to it.

In December 1994, Judge Marvin J. Garbis entered a scheduling order, setting the July 10, 1995 trial date. On May 4, 1995, Bryant filed a pro se pleading, titled "application for Writ of Habeas Corpus," which largely addressed challenges to wiretap evidence. However, the "application" also contained a claim that Bryant's counsel was ineffective and unprofessional for inter alia failing to file for a "Speedy Trial." On May 12, Judge Garbis acted on the"application," directing the Government to respond to the wiretap allegations and denying the ineffective assistance of counsel charge as "premature at best."

On June 8, Bryant filed a pro se, difficult to understand, four-page motion to dismiss the indictment. Although most of the grounds for the motion are alleged infringements of the Fourth, Fifth, Eighth, and Fourteenth amendments, Bryant also asserted some statutory claims, including violation of the Speedy Trial Act. Less than two weeks later, before the district court could act on the motion, Bryant's counsel moved to continue the trial date, explaining that other obligations had "diminish[ed] significantly counsel's ability to prepare for trial in the above captioned matter." The Government took no position on the continuance, except to indicate that it could not try the case during August.

3

On June 22, Judge Garbis granted the motion for continuance. He reasoned:

> Although the granting of the motion will, again, delay the trial of this case, there appears to be no prejudice that would result to the Government or to either Defendant. The Government's sole concern is for the scheduling of its witnesses, all of whom were advised to be available in July and told they were free to make other plans during August. The Government's concern is accommodated by virtue of the rescheduled trial date.
>
> The desire of Defendants Smith and Bryant is, understandably, to proceed to trial promptly. However, it does not appear that there would be any prejudice by virtue of the delay. Indeed, the circumstances of counsel for Defendant Bryant indicated that it would be Defendant Bryant's benefit to defer the trial date.

In a handwritten pro se motion dated August 3 and filed August 8, Bryant again asserted ineffective assistance of counsel and protested the grant of the motion for continuance; on August 15, Judge Garbis denied Bryant's motion. Thereafter, Bryant filed several other pleadings (including an interlocutory appeal that we dismissed) asserting ineffective assistance of counsel.

Meanwhile, his counsel requested several extensions in which to file pretrial motions. Judge Garbis granted those extensions, ultimately holding a hearing on all pretrial motions on December 5 and issuing an order disposing of those motions on December 13. Five days later, on December 18, 1995, Bryant's trial began before Judge Herbert Maletz. On December 27, the jury returned its verdict convicting Bryant; Judge Maletz sentenced him on April 17, 1996.

On appeal, represented by new counsel, Bryant asserts that in granting his trial counsel's motion for continuance, Judge Garbis failed to set forth reasons for finding the "ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial," as required by 18 U.S.C. § 3161(h)(8)(A).

4

In United States v. Keith, 42 F.3d 234, 238-39 (4th Cir. 1994), we concluded that despite the "categorical" language in § 3161(h)(8)(A) (delay resulting from a continuance requested by defendant or his counsel shall not be excludable "unless the court sets forth in writing" the required findings) a defendant could not use the Act as a "sword and a shield . . . by agreeing to a continuance and then later urging a dismissal using the time covered by the continuance." Accordingly, we held:

> . . . if a defendant affirmatively consents to a motion for a continuance and the reasons for the granting of that motion as garnered from the record are sufficient to support a finding that the ends of justice would be met by granting the motion, the defendant cannot take advantage of that discrete period of time covered by the continuance in asserting a violation of the Speedy Trial Act.

Id. at 240.

Bryant recognizes that, under Keith, when a defendant agrees to a continuance, the granting of the continuance may, under some circumstances, create excludable time "despite a court's failure to comply with the requirements of § 3161(h)(8)(A)." Brief of Appellant at 21. Bryant does not maintain that in his case the "reasons for the granting the continuance as garnered from the record" are insufficient to meet the Keith requirements. Rather, Bryant's sole claim is that Keith is distinguishable from the case at hand, because he, unlike Keith, did not agree to the continuance; only his defense counsel agreed to it.

Nothing in Keith, however, requires the conclusion that the defendant, rather than his counsel, agreed to the continuance there. Indeed, as we noted in Keith, the written order granting the continuance stated that it was granted upon the Government's motion and "signed by defense counsel as [s]een and agreed." Keith, 42 F.3d at 236 (emphasis added). This at least suggests that in Keith , as here, it was defense counsel and not the defendant himself who consented to the continuance. Thus, Keith may not be as different as Bryant argues.

However, it is also true that nothing in Keith suggests that the defendant made known, as Bryant did, his active objection to a con-

5

tinuance. It is unlikely that we would have omitted such facts if they had been part of the record in Keith. Accordingly, to that extent, Keith is different from the case at hand. The question before us is whether this factual difference mandates a different outcome.

We think not. To hold that it does would put the district court in the precarious position of having to determine whether a defendant's legal counsel or the defendant himself is actually speaking for a defendant. We note that although Bryant mightily complained of asserted errors in his trial counsel's representation of him, he never asked to proceed pro se or even expressly requested the appointment of new counsel. Hence, the trial counsel, who Bryant repeatedly contended had inadequately represented him, continued to represent Bryant before, during, and even after the trial -- noting this appeal. In these circumstances, particularly in view of the Supreme Court's recognition of the important role of a criminal defendant's counsel in maintaining the integrity of "our adversarial system of justice," Penson v. Ohio, 488 U.S. 75, 84 (1988), Judge Garbis was entitled to conclude, as he apparently did, that Bryant's counsel spoke for him.

In Keith, we endorsed a rule to prevent a defendant from "sandbagging the court and the government by agreeing to a continuance and then later urging a dismissal using the time covered by the continuance." Keith, 42 F.3d at 239. If we adopted Bryant's argument here, we could be permitting another sort of sandbagging, i.e. permitting a defendant to use the services of his counsel when it suited him, but disavowing his counsel's advice when that advice did not suit the defendant's purposes. Just as we recently refused to hold that a defendant, who has chosen to proceed pro se, has a right to appointed advisory counsel, United States v. Singleton, 107 F.3d 1091, 1101 (4th Cir. 1997), we refuse to hold here that a defendant has the right to have counsel represent him for some purposes and not others. Although the underlying circumstances differ from those in Singleton, the problem is the same: the Speedy Trial Act like "the Constitution does not require such a manipulable and unwise arrangement." Id. Moreover, barring Bryant's express waiver of his right to counsel, of the two constitutional rights -- the right to self representation and the right to counsel -- "the right to counsel is preeminent and hence, the default position." Id. at 1096.

6

In sum, we hold that the motion for a continuance by Bryant's trial counsel brings this case within the rule enunciated in <u>Keith</u>.

<u>AFFIRMED</u>

7