**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

BENNET CHIKA ABOH, a/k/a Chika,
a/k/a JB,
<u>Defendant-Appellant.</u>

No. 96-4973

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CR-92-260-WN)

Submitted: January 20, 1998

Decided: April 22, 1998

Before WIDENER and WILKINS, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William B. Purpura, Jeanne Canal, Baltimore, Maryland, for Appel-
lant. Lynne A. Battaglia, United States Attorney, Christine Man-
uelian, Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bennet Chika Aboh appeals from his convictions for conspiracy to distribute and possession with intent to distribute heroin, distribution of heroin, and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994), and 18 U.S.C. § 2 (1994). Aboh contends that his right to a speedy trial was violated. Finding no error, we affirm.

Aboh was convicted on August 13, 1993, and was sentenced to three concurrent 121-month sentences. Aboh and his codefendant, Romanus Nwaneri, appealed. This Court, finding that the district court gave an improper jury instruction, reversed their convictions and remanded for a new trial. The appellate mandate remanding the case issued on February 8, 1996. Aboh's retrial began on October 16, 1996, and he orally moved to dismiss the indictment, arguing a violation of the Speedy Trial Act. The district court denied the motion. On October 28, 1996, Aboh was convicted of the same offenses and received the same sentence as in the first trial.

We review the legal conclusions of the district court's interpretation of the Speedy Trial Act de novo and review the factual findings for clear error. United States v. Stoudenmire , 74 F.3d 60, 63 (4th Cir. 1996).

The Speedy Trial Act requires that if a defendant is to be tried again following an appeal:

> [T]he trial shall commence within seventy days from the date the action occasioning the retrial becomes final, except that the court retrying the case may extend the period for retrial not to exceed one hundred and eighty days from the date the action occasioning the retrial becomes final if

2

unavailability of witnesses or other factors resulting from passage of time shall make trial within seventy days impractical.

18 U.S.C. § 3161(e) (1994). The Act excludes from the computation period, among other things: delay resulting from any pretrial motion, from the filing of the motion through the disposition of such motion; delay resulting from transportation of the defendant; delay resulting from the absence of or unavailability of an essential witness; and any period of delay resulting from a continuance by a judge on "the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Id. §§ 3161(h)(1)(F), (h)(1)(H), (h)(3)(A), (h)(8)(A).

On appeal, Aboh contends that the district court should have dismissed the case against him because he was not brought to trial within seventy days after the issuance of this Court's mandate remanding the case for retrial. He contends that the district court's three continuances, delaying the retrial 181 days from the date it should have commenced, constituted an unreasonable delay. Aboh asserts that the district court failed to provide a factual basis supporting its decision to extend the statutorily mandated seventy-day period.

The appellate mandate reversing Aboh's conviction and remanding the case for a new trial was issued on February 8, 1996. The mandate was received and docketed by the district court on February 12, 1996. On February 13, 1996, after holding a status conference, the district court, upon its own motion and pursuant to § 3161(e), determined that it would be impractical to commence the retrial within the statutorily mandated seventy-day period and postponed retrial until May 20, 1996. The district court found that: (1) due to the complexity of the case,* court-appointed counsel for codefendant Nwaneri, who entered his appearance for the first time on appeal, needed adequate time to review the transcripts of the prior trial; (2) both counsel for Aboh and Nwaneri had scheduling conflicts that made it impossible to try the

_____

*The first trial lasted three weeks and involved the presentation of extensive wiretapped conversations recorded in a Nigerian dialect, physical evidence of the defendants' drug trafficking, and the testimony of nine cooperating coconspirators.

3

case before May 20, 1996; and (3) the Government needed additional time to locate its nine witnesses, some of whom were no longer incarcerated and readily available to the Government. On May 13, 1996, the district court postponed retrial until October 15, 1996, because counsel for Nwaneri was engaged in another trial which was not expected to conclude until early June. The district court found, pursuant to § 3161(h)(8)(A), that the interest of justice was best served by the continued representation of counsel familiar with the case, and that, due to the complexity of the evidence, it would be impractical and a waste of judicial resources to sever the defendants and try them in two separate proceedings. The court found the period from May 20, 1996, to October 15, 1996, excludable from speedy trial calculations. On October 9, 1996, the Government filed a motion in limine. The district court took the motion under advisement and ruled on the motion just prior to the commencement of trial on October 16, 1996. The district court found that the period from October 9 through the start of trial on October 16 was excluded from speedy trial calculations pursuant to § 3161(h)(1)(F). The district court also delayed retrial again from October 15 to October 16, pursuant to § 3161(h)(3)(A), because transportation of defendant Nwaneri was delayed by one day.

The district court, exercising its discretion pursuant to § 3161(e), postponed Aboh's retrial beyond the statutorily mandated seventy-day period but within the discretionary 180-day period. Taking all excludable time into account, Aboh was retried within 102 days of the issuance of the appellate mandate. See Stoudenmire , 74 F.3d at 63 (excluding period from the day the motion is filed through the day the district court holds a hearing on the motion for purposes of determining statutorily mandated period). Because the district court did not exceed the discretionary 180-day period, we affirm.

Lastly, Aboh's assertion that his Sixth Amendment right to speedy trial was violated, raised for the first time on appeal, lacks merit. Because Aboh did not raise this issue in the district court, our review is for plain error under Fed. R. Crim. P. 52(b). See United States v. Olano, 507 U.S. 725, 732-34 (1993) (finding that error must be plain under current law, affect substantial rights, and seriously affect fairness, integrity, or public reputation of judicial proceedings). To show that a delay in disposing of charges violated the defendant's Sixth

4

Amendment right to a speedy trial, a court considers four factors: (1) whether the delay was uncommonly long; (2) whether the government or the defendant is more to blame for the delay; (3) whether, in due course, the defendant asserted his right to a speedy disposition; and (4) whether the defendant suffered any prejudice as a result of the delay. <u>See United States v. Thomas</u>, 55 F.3d 144, 148 (4th Cir. 1995). Aboh has failed to assert that he was prejudiced by any delay; therefore, he has failed to demonstrate error, plain or otherwise.

Accordingly, we affirm Aboh's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>AFFIRMED</u>

5