**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4696

ARTHUR GARRISON,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-97-83)

Submitted: March 9, 1999

Decided: September 14, 1999

Before ERVIN, NIEMEYER, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Roy D. Bradley, BRADLEY LAW FIRM, P.C., Madison, Virginia,
for Appellant. Robert P. Crouch, Jr., United States Attorney, Ray B.
Fitzgerald, Jr., Assistant United States Attorney, Charlottesville, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Arthur Henry Garrison appeals his conviction and 130-month sentence imposed after a jury found him guilty of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 (1994). He asserts on appeal that he was not timely tried as required by the Speedy Trial Act, 18 U.S.C. §§ 3161-3174 (1994), the Government failed to prove at sentencing that the drugs were crack cocaine, the district court erred by not applying the "safety valve" provision in 18 U.S.C.A. § 3553(f) (West Supp. 1998), and the court should have awarded him a reduction for acceptance of responsibility under U.S. SENTENCING GUIDELINES MANUAL § 3E1.1 (1997). Finding no reversible error, we affirm.

I.

Garrison first asserts that his rights under the Speedy Trial Act were violated because he was not tried within seventy days after he was indicted. See 18 U.S.C. § 3161(c)(1). We review de novo legal conclusions of the district court related to its interpretation of the Speedy Trial Act, see United States v. Jarrell , 147 F.3d 315, 317 (4th Cir.), cert. denied, ___ U.S. ___, 67 U.S.L.W. 3271 (U.S. Oct. 19, 1998) (No. 98-6105), and review for clear error the underlying factual findings. See United States v. Stoudenmire, 74 F.3d 60, 63 (4th Cir. 1996).

Specifically, Garrison contends that his trial should not have been delayed by the continuance granted in a co-defendant's case because the Speedy Trial Act governs co-defendants joined for trial--not merely co-defendants named in the same indictment. Because his co-defendant, Fred T. Morgan, pled guilty, Garrison asserts that Morgan was not joined for trial and that the time Morgan's trial was continued should not have been excluded from the speedy trial calculation. Gar-

2

rison, however, was timely tried under the Speedy Trial Act.* His claim that Morgan's continuance should have been excluded must fail because there was never a motion for severance granted. See 18 U.S.C. § 3161(h)(7). We also reject Garrison's attempt to distinguish the language in 18 U.S.C. § 3161(h)(7) and (8) that refers to "the defendant" rather than "any defendant," which appears in other subsections of § 3161, and his argument that Morgan's continuance should not be excluded because it was not a continuance granted for Garrison--the defendant. Therefore, the district court properly excluded the time granted for Morgan's continuance from the speedy trial calculation. See United States v. Sarno , 24 F.3d 618, 622 (4th Cir. 1994).

II.

Garrison next contends that the Government failed to prove at sentencing that the drugs were crack cocaine because there was no evidence presented that the drugs were processed with sodium bicarbonate. Contrary to Garrison's assertion, however, the guidelines state that crack cocaine "usually" possesses sodium bicarbonate. See USSG § 2D1.1(c), note (D). Garrison relies on United States v. James, 78 F.3d 851 (3d Cir. 1996), to support his claim that the Government failed to prove that the drugs were crack cocaine, but his reliance is misplaced. Here, unlike in James, the evidence is unambiguous--the record discloses no indication that the cocaine attributed to Garrison was any form of cocaine base other than crack. See United States v. Hall, 109 F.3d 1227, 1235-36 (7th Cir.), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3258 (U.S. Oct. 6, 1997) (No. 96-9561).

The indictment in this case indicated that Garrison was charged with conspiracy to distribute "cocaine base, or`crack'." While the indictment alone is not sufficient to prove the type of drugs involved,

_____

*Twenty-three days elapsed between Garrison's arraignment and Morgan's motion for a continuance. Once the court granted the 120-day continuance from the February 18, 1998, trial date, the speedy trial clock restarted on June 18. Garrison had to be tried by August 4, 1998--the expiration of the 70-day period. Garrison's trial commenced on June 10, 1998.

3

see United States v. Fletcher, 74 F.3d 49, 53 (4th Cir. 1996), it is further evidence that the drugs are "crack." In addition, the drugs were introduced into evidence, giving the jurors an opportunity to examine the drugs themselves, and the presentence report specifically identifies the drugs as crack cocaine. The jurors also heard numerous users testify that they purchased crack cocaine from Garrison in his garage and that they never purchased powder cocaine from Garrison. Most importantly, trained narcotic agents testified that the Government exhibits, which were the drugs seized from Garrison's garage, appeared to be crack cocaine. See United States v. Dolan, 544 F.2d 1219, 1221 (4th Cir. 1976) (holding that lay testimony and circumstantial evidence is sufficient, in and of itself, to establish the identity of controlled substances); United States v. Boissoneault, 926 F.2d 230, 233 (2d Cir. 1991) ("Agents may also offer their interpretations of any physical evidence that is properly before the jury.") (citations omitted). Finally, Garrison offered no proof that the drugs were any other form of cocaine base. Therefore, the district court did not clearly err in sentencing Garrison under the enhanced penalties for crack cocaine. See United States v. Blake, 81 F.3d 498, 503 (4th Cir. 1996) (stating standard of review).

III.

Garrison next asserts that the district court erred in failing to apply the "safety valve" provision under 18 U.S.C. § 3553(f) and to award a reduction for acceptance of responsibility under USSG § 3E1.1. Garrison does not appear to have met the requirements for a departure under § 3553(f) because he failed to provide all information concerning the offense to the Government prior to or at sentencing. Garrison objected to the probation officer's characterization of the drugs as crack cocaine, thereby continuing to deny that the drugs involved in the conspiracy were crack. Because Garrison does not meet all of the requirements set forth in § 3553(f), he is ineligible for a reduction under the "safety valve" provision. See United States v. Withers, 100 F.3d 1142, 1147 (4th Cir. 1996) (stating that defendants must acknowledge responsibility for actions before qualifying for safety valve reduction), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3631 (U.S. Mar. 17, 1997) (No. 96-7884).

As for Garrison's claim that the district court should have awarded a reduction for acceptance of responsibility, Garrison required the

4

Government to prove at trial that the drugs were crack cocaine. The issue he sought to raise by means of a trial therefore related to factual guilt. <u>See United States v. Dickerson</u>, 114 F.3d 464, 470 (4th Cir. 1997). In this circumstance, the district court did not clearly err in finding that the reduction should not apply. <u>See</u> USSG § 3E1.1, comment. (n.2); <u>United States v. Castner</u>, 50 F.3d 1267, 1279-80 (4th Cir. 1995).

IV.

Accordingly, we affirm Garrison's conviction and sentence. We deny Garrison's motion for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5