**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 02-4690

ELDRED DONELL EADY,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-00-41-V)

Submitted: April 18, 2003

Decided: May 15, 2003

Before LUTTIG and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, D. Scott Broyles, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Eldred Donell Eady appeals his conviction and sentence for conspiracy to possess with intent to distribute quantities of cocaine and cocaine base. Finding no reversible error, we affirm.

Eady first claims that the district court erred in granting continuances prior to the commencement of trial in violation of the Speedy Trial Act. This court reviews the district court's legal conclusions regarding its interpretation of the Speedy Trial Act de novo, *United States v. Jarrell*, 147 F.3d 315, 317 (4th Cir. 1998), and reviews the underlying factual findings for clear error. *United States v. Stoudenmire*, 74 F.3d 60, 63 (4th Cir. 1996).

Under the Speedy Trial Act, a defendant must be tried within seventy days from the filing date of the indictment or from the date the last co-defendant to appear has appeared before a judicial officer, whichever date is later. *See* 18 U.S.C. § 3161(c)(1) (2000); *Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986). The Act provides a list of periods of delay that are excluded for purposes of speedy trial calculations, including "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(8)(A).

Here, Eady's seventy-day period under the Speedy Trial Act began on January 26, 2001, the date of the last initial appearance of co-defendant Clyde Everette. Our review of the record reveals that the district court properly granted continuances until the January 7, 2002 term and that no violation of the Speedy Trial Act occurred.

Eady also claims that the delay violated his Sixth Amendment right to a speedy trial. In determining whether a pre-trial delay violates a defendant's Sixth Amendment right, a court must balance four considerations: (1) the length of the delay, (2) the reason for the delay,

(3) the defendant's assertion of his right to a speedy trial, and (4) the extent of prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). We have reviewed the facts in this case within the framework of these four factors and find no violation of Eady's Sixth Amendment right.

Next, Eady contends that the district court abused its discretion in denying his request to represent himself after commencement of the trial. As we have held, the assertion of a right to proceed pro se must be: (1) clear and unequivocal; (2) knowing, intelligent, and voluntary; and (3) timely. *United States v. Frazier-El*, 204 F.3d 553, 558 (4th Cir. 2000). When a defendant asserts his right to self-representation after the trial has commenced, the decision "whether to allow the defendant to proceed pro se at all or to impose reasonable conditions on self-representation rests in the sound discretion of the trial court." *United States v. Singleton*, 107 F.3d 1091, 1099 (4th Cir. 1997). Our review of the record reveals no abuse of discretion in the district court's decision to deny Eady's request.

Eady also claims that the prior conviction described in the 21 U.S.C. § 851 (2000) information should have been charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt under the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Because Eady did not raise the issue below, this court reviews his claim for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993).

Based on the jury's findings of drug quantity, Eady faced a maximum penalty of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A) (2000). Because Eady's 262-month sentence does not exceed the statutory maximum and *Apprendi* explicitly exempts prior convictions from its scope, *see Apprendi*, 530 U.S. at 490, we find that no *Apprendi* error occurred. *Apprendi* simply does not apply to penalty enhancements based on prior convictions. *Id.*

Eady next claims that the district court erred in failing to treat the sentencing guideline enhancements as elements of the offense in violation of *Apprendi*. As we have held, judicial factfinding under the sentencing guidelines to determine the sentence within the statutory range does not implicate *Apprendi*. *United States v. Kinter*, 235 F.3d

192, 201 (4th Cir. 2000). The relevant "maximum" under *Apprendi* is found in the statute, not the guidelines. *Id.*

Finally, Eady contends that he received ineffective assistance of counsel. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate development of the record, the presumptive rule is that ineffective assistance of counsel claims must be pursued in a 28 U.S.C. § 2255 (2000) motion. *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance of counsel. *King*, 119 F.3d at 295. A review of the record does not conclusively establish that Eady received ineffective assistance of counsel. We therefore find that Eady must pursue these claims on collateral review.

Accordingly, we affirm Eady's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*