**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 08-4383**

———————————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

MICHAEL JEROME FELDER,

               Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, District Judge. (4:07-cr-00203-TLW-1)

———————————

Submitted: March 26, 2009          Decided: April 7, 2009

———————————

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Nicole E. Nicolette, THE MACE FIRM, Myrtle Beach, South Carolina, for Appellant. Walter W. Wilkins, III, United States Attorney, Columbia, South Carolina, A. Bradley Parham, Assistant United States Attorney, Florence, South Carolina; Thomas E. Booth, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Jerome Felder was found guilty of conspiracy to possess with intent to distribute fifty grams or more of cocaine base (Count 1), possession with intent to distribute five grams or more of cocaine base (Count 2), and possession with intent to distribute cocaine (Count 3). He was sentenced to 240 months of imprisonment. On appeal, he raises two issues: (1) whether the district court erred by denying his motion to dismiss the indictment under the Speedy Trial Act ("STA"); and (2) whether the district court erred by allowing into evidence facts regarding his prior 2002 South Carolina conviction for possession with intent to distribute cocaine in violation of Fed. R. Evid. 404(b). For the reasons that follow, we affirm.

First, we find no reversible error by the court in denying Felder's motion to dismiss under the STA. United States v. Stoudenmire, 74 F.3d 60, 63 (4th Cir. 1996) (stating review standard). Certain pretrial motions, and a court's time to take the motions under advisement, are exempted from the STA's seventy-day time period. See 18 U.S.C. §§ 3161(h)(1)(D), (h)(1)(H) (Westlaw through Oct. 2008 amendments). Second, we find no abuse of discretion by the district court in admitting the evidence of Felder's prior state conviction. See United States v. Mark, 943 F.2d 444, 447 (4th Cir. 1991) (stating review standard for admission of Rule 404(b) evidence). The

2

court admitted the conviction based upon its finding that this evidence was "intrinsic" to the charged conspiracy, which dated back to 1998 and therefore included the period of time for the 2002 state conviction. Acts that are intrinsic to the charged offense do not fall under the limitations of Rule 404(b), <u>United States v. Chin</u>, 83 F.3d 83, 87 (4th Cir. 1996), and therefore, the district court did not err by declining to issue Felder's Rule 404(b) jury instruction. Finally, Felder's collateral estoppel argument fails as such claims are analyzed under the Double Jeopardy Clause and the states and federal government are separate sovereigns. <u>See</u> <u>United States v. Wheeler</u>, 435 U.S. 313, 328-30 (1978) (discussing dual sovereignty doctrine).

Accordingly, we affirm Felder's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>