**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Randolph BLACKMON (88–5784), Randolph Haywood (88–5827), Defendants–Appellants.**

Nos. 88–5784, 88–5827.

United States Court of Appeals, Sixth Circuit.

Argued March 31, 1989.

Decided May 12, 1989.

W. Hickman Ewing, Jr., U.S. Atty., Timothy R. DiScenza, Asst. U.S. Atty., Office of the U.S. Atty., Memphis, Tenn., for U.S.

W. Otis Higgs, Jr., Memphis, Tenn., for Randolph Blackmon.

Clifton Harviel, Fed. Public Defender, Office of the Federal Public Defender, Memphis, Tenn., for Randolph Haywood.

Before ENGEL, Chief Judge, BOGGS, Circuit Judge, BALLANTINE, District Judge.*

* The Honorable Thomas A. Ballantine, Jr., United States District Judge for the Western District of Kentucky, sitting by designation.

ENGEL, Chief Judge.

In these consolidated appeals, Defendants–Appellants Randolph Blackmon and Randolph Haywood appeal their convictions, under 21 U.S.C. § 841(a)(1), of possession with intent to distribute approximately two kilograms of cocaine. Both contend that their convictions were obtained in violation of the Federal Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* (1984). For the reasons below, we affirm their convictions.

On September 9, 1987, Blackmon and Haywood were arrested in Memphis, Tennessee, by officers of the Metropolitan Memphis Police Department. At the time, Blackmon and Haywood were questioned by officers of the Federal Bureau of Investigation. On October 13, 1987, a federal grand jury returned a two-count indictment against them, charging them with possession with intent to distribute approximately two kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

Blackmon began filing pretrial motions on October 30, 1987. His motions, with their date of filing and date of disposition, were: motion for severance (filed October 30, 1987 and decided on October 30, 1987); motion for discovery (filed October 30, 1987 and decided October 30, 1987); motion for discovery of informant's name (filed October 30, 1987 and decided October 30, 1987); motion to extend time for the filing of motions (filed October 30, 1987 and decided October 30, 1987); motion to obtain copies of recordings (filed November 5, 1987 and decided November 18, 1987); motion for bill of particulars (filed November 30, 1987 and decided February 3, 1988); motion to dismiss the indictment (filed December 9, 1987 and decided February 3, 1988); motion to suppress (filed December 30, 1987 and decided February 3, 1988); motion to dismiss the prosecution (filed January 11, 1988 and decided February 3, 1988); motion to recuse the prosecuting attorney (filed February 3, 1988 and decided February 3,

1988); motion for a speedy trial (filed February 17, 1988 and decided by a hearing of the court May 2, 1988). Haywood filed only two motions, both of which alleged violations of the Speedy Trial Act; one alleged improper pre-indictment delay and the other alleged improper post-indictment delay. These motions were filed on April 29, 1988 and denied on May 2, 1988.

On May 9, 1988, Blackmon and Haywood each pleaded guilty to the two charges in the indictment, reserving the right to appeal their convictions as having been obtained in violation of the Federal Speedy Trial Act, 18 U.S.C. §§ 3161 and 3162. On appeal, Blackmon alleges that he was not brought to trial within seventy days of arraignment, in violation of 18 U.S.C. § 3161(c)(1), and that he was not indicted within thirty days of arrest, in violation of 18 U.S.C. § 3161(b). Haywood contends that his case was not prosecuted within the seventy-day limit of the Speedy Trial Act.

18 U.S.C. § 3161(c)(1) provides:

In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

See United States v. Mentz, 840 F.2d 315, 325 (6th Cir.1988); United States v. Pelfrey, 822 F.2d 628, 633 (6th Cir.1987). If the United States fails to bring a defendant to trial within seventy days, the information or indictment upon which the defendant is charged "shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2).

Certain pretrial delays toll the seventy-day limitation, however. Under 18 U.S.C. § 3161(h)(1)(F), "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion ... shall be excluded in computing the time within which an information or indictment must be filed, or in computing the time within which the trial of any offense must commence." All time between the filing of a motion and a conclusion of a hearing on that motion is excludable under § 3161(h)(1)(F). *Henderson v. United States*, 476 U.S. 321, 330, 106 S.Ct. 1871, 1876, 90 L.Ed.2d 299 (1986). *See United States v. Mentz*, 840 F.2d at 326; *United States v. Pelfrey*, 822 F.2d at 633; *United States v. Keefer*, 799 F.2d 1115, 1121–22 (6th Cir.1986).

Moreover, 18 U.S.C. § 3161(h)(7) excludes "a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." All defendants who are joined for trial generally fall within the speedy trial computation of the latest co-defendant. *Henderson v. United States*, 476 U.S. at 323 n. 2, 106 S.Ct. at 1873 n. 2. The excludable delay of one co-defendant may be ascribed to all defendants. *See e.g.*, *United States v. Dennis*, 737 F.2d 617 (7th Cir.1984); *United States v. Zielie*, 734 F.2d 1447 (11th Cir.1984). In this case, Blackmon's motion for severance was filed on October 30, 1987; however, it was denied by the court. Thus, for purposes of evaluating the appellants' speedy trial claims, this court attributes Blackmon's actions to Haywood.

## CALCULATION OF NON–EXCLUDABLE DAYS OF POST–ARRAIGNMENT DELAY

The seventy-day limit for trial begins to run from the latter of two days: when the defendant is indicted, or when the defendant is arraigned. *See* 18 U.S.C. § 3161(c)(1). Both appellants were indicted on October 13, 1987 and arraigned on October 21, 1987. Thus, the seventy-day calculation begins from October 21, 1987. This initial day is excluded from the seventy-day limit. *United States v. Mentz*, 840 F.2d at 326. No motions were filed until October 30, 1987; therefore, the dates October 22 through October 29 are non-excludable. Thus, before Blackmon's four motions

were filed on October 30, 1987, there were eight (8) non-excludable days.

Because all of the motions filed on October 30, 1987 were decided on October 30, 1987, October 30 is itself excluded. No new motions were filed until November 5, 1987. Thus, October 31 through November 4 are non-excludable: a total of five (5) more days. On November 5, Blackmon moved for copies of recordings, with his motion being decided on November 18, 1987; therefore the period between November 5 and November 18 is excludable. No new motions were filed until November 30, 1987, when a motion for a bill of particulars was filed. Thus, November 19 through November 29, 1987 is non-excludable: eleven (11) more days. The motion for a bill of particulars was decided on February 3, 1988, as were a motion to dismiss the indictment, motion to suppress, motion to dismiss prosecution, and motion to recuse, all of which were filed in the interim. Therefore, all time between November 30, 1987 and February 3, 1988 is excludable. The next motion filed was a February 17, 1988 motion for speedy trial. Thus, the period between February 4, 1988, and February 16, 1988 is non-excludable: thirteen (13) days. The speedy trial motion was not decided until May 2, 1988. Thus, the time between February 17 and May 2 is excludable.

The defendants both pleaded guilty to charges in the indictment on May 9, 1988. May 9 thus would be excludable under 18 U.S.C. § 3161(h)(1) as "any period of delay resulting from other proceedings concerning the defendant...." *United States v. Mentz*, 840 F.2d at 326. However, the time between May 3, 1988 and May 8, 1988 is also included in the seventy-day calculation. This adds six (6) more days.

■ The total number of non-excludable days between arraignment and being brought to trial (entering of the guilty plea) is thus $8 + 5 + 11 + 13 + 6 = 43$ days. Under the terms of the Speedy Trial Act, Blackmon and Haywood were not entitled to dismissal of their indictment.

## BLACKMON'S PRE–INDICTMENT DELAY

Petitioner Blackmon likewise argues that he is entitled to dismissal of the indictment because he was not indicted within thirty days of his September 9, 1987 arrest. 18 U.S.C. § 3161(b) provides:

Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.

If the time limit of 18 U.S.C. § 3161 is exceeded, "such charge against that individual contained in [the] complaint shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1).

Blackmon was arrested on Friday, September 9, 1987 by narcotics officers of the Metropolitan Memphis Police Department; at that time, he was also questioned by officers of the Federal Bureau of Investigation. A federal complaint was filed on September 10, 1987 and he was indicted on September 13, 1987.

■ A defendant is not "arrested" for purposes of the Speedy Trial Act until formal federal charges are pending. *United States v. Sanchez*, 722 F.2d 1501, 1508 (11th Cir.1984); *see United States v. Varella*, 692 F.2d 1352, 1358 (11th Cir.1982). An "arrest" refers to the point at which a defendant is charged with the crime; therefore, a defendant is not "arrested" until a formal complaint or formal charge is issued. *United States v. Sayers*, 698 F.2d 1128, 1131 (11th Cir.1983). *See also United States v. Alfarano*, 706 F.2d 739, 741 (6th Cir.1983) (protections of Speedy Trial Act triggered once accused is arrested and served with federal complaint).

Regardless of the degree of federal involvement in a state investigation and arrest, only a federal arrest initiates the running of the time limitation established by 18 U.S.C. § 3161. *United States v. Adams*, 694 F.2d 200 (9th Cir.1982). An arrest by state officers, who are accompanied by federal officers, does not constitute an "arrest" under section 3161. *See United States v. Iaquinta*, 674 F.2d 260, 267–69

(4th Cir.1982); *see also United States v. Wilson,* 657 F.2d 755, 767 (5th Cir.1981); *United States v. Lai Ming Tanu,* 589 F.2d 82, 88 (2d Cir.1978). There is no federal arrest until the defendant is taken into federal custody, notwithstanding the fact that the state and federal officials were cooperating when the defendant was in state custody. *United States v. Taylor,* 814 F.2d 172, 174–75 (5th Cir.1987); *United States v. Russo,* 796 F.2d 1443, 1451 (11th Cir.1986); *United States v. Janik,* 723 F.2d 537, 542 (7th Cir.1983).

Thus, for purposes of the Speedy Trial Act, Blackmon was not "arrested" on September 9, 1987, even though he was in state custody and subjected to federal questioning. He was "arrested" within the meaning of the Speedy Trial Act on the following day, September 10, when formal federal charges were filed against him. The thirtieth day after September 10 would have been Saturday, October 10, 1987. However, being a Saturday, October 10 was a day on which an indictment could not be returned. Likewise, the indictment could be returned neither on Sunday the eleventh nor the following Monday, October 12, which was Columbus Day, a federal holiday. Blackmon was indicted on the next available day—Tuesday, October 13, 1987—which was the final day permissible within the thirty-day limit of 18 U.S.C. § 3162. *See* Fed.R.Crim.P. 45 (last day of time calculation excludes Saturdays, Sundays, and legal holidays).

Accordingly, the judgments of conviction are AFFIRMED.