922 F.2d 842
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Derrick DAVIS, Defendant-Appellant.
 No. 89-3633.
 United States Court of Appeals, Sixth Circuit.
 Jan. 4, 1991.
 
 BEFORE: KENNEDY, and MILBURN, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-Appellant Derrick Davis was indicted and convicted on the following counts: conspiracy to distribute and to possess with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846; interstate transportation in aid of racketeering enterprises, and aiding and abetting in violation of 18 U.S.C. Secs. 1952, 2; possession with intent to distribute cocaine, and aiding and abetting in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. Davis now appeals the verdict of the jury and the district court's judgment, alleging defense counsel's performance at trial constituted ineffective assistance of counsel. For the reasons set forth below, we AFFIRM the decision of the district court.
 
 I.
 
 2
 Appellant Davis was convicted on a five count indictment in a jury trial on May 19, 1989 and sentenced to 151 months imprisonment. The evidence produced at trial established that Davis was the mastermind of a cocaine purchasing and distribution business in the Cleveland area. Several individuals, some indicted in the same time frame as Appellant as the result of an investigation conducted by the Caribbean Task Force, played active roles as drug couriers, distributors and purchasers under the direction of Davis.
 
 
 3
 The following summation briefly outlines the evidence produced at trial leading to Davis' conviction. Government witness Willie Walker testified that he had made several trips from Miami, Florida to Cleveland, Ohio at Davis' request during which he transported as much as a kilo of cocaine. On one occasion, while en route to Miami by plane, Walker was arrested in Atlanta; a search of Walker and his companion revealed over $11,000 in cash supplied by Davis.
 
 
 4
 In addition to transporting cocaine by plane, Davis also used motor vehicles, either his own or rentals. the Appellant purchased or rented the vehicles through an individual named Vinroy Cousley. On October 2, 1988, based on a tip, police were aware that Curtis Adams, one of Davis' couriers, had traveled to Miami to purchase cocaine for the Appellant. Surveillance was placed on the Chevrolet Beretta that was rented by Davis and driven by Adams to Cleveland Hopkins Airport. Upon Adams' arrival from Miami, a search of Adams' suitcase, conducted pursuant to a warrant, revealed approximately one pound of cocaine.
 
 
 5
 On October 12, 1988, agents learned that O'Neil Davis, Paula Hackney and Andrew Peavy, three of Davis' couriers, were given $13,000 in cash and Appellant's Acura Legend to travel to Florida and purchase cocaine for Davis. On October 15, 1988, authorities stopped the vehicle on I-77 on its return from Florida, and a search revealed 425.6 grams of cocaine. Davis was arrested several days later, and on May 19, 1989, Davis was convicted in a jury trial on all five counts of the indictment. Petitioner's timely appeal ensued.
 
 II.
 
 6
 Petitioner's primary contention on appeal is defense counsel's performance at trial constituted ineffective assistance of counsel. In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court enunciated the standard by which to review Sixth Amendment right to counsel claims. The standard consists of a two-part test: first, defendant must show that counsel's performance was deficient and second, that such deficiency prejudiced the defense. Strickland, 466 U.S. at 687; accord United States v. Cox, 826 F.2d 1518, 1525 (6th Cir.1987) and Meeks v. Bergen, 749 F.2d 322, 326-27 (6th Cir.1984); see also Beasley v. United States, 491 F.2d 687 (6th Cir.1974).[1] Further, the defendant must show there is a reasonable probability that "but for" the errors of counsel, the result of the proceeding would have different. Strickland, 466 U.S. at 694. In determining whether there was a deficient performance, there is a "presumption that counsel will fulfill the role in the adversary process that the Amendment envisions." Id. at 688.
 
 
 7
 Strickland also highlights the importance of the freedom counsel must have in making tactical decisions. Therefore, a reviewing court must be highly deferential in scrutinizing counsel's performance, because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. Consequently, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).
 
 A.
 
 8
 On appeal, Appellant presents several confusing arguments, none of which sufficiently establishes defense counsel's performance to be deficient and that such deficiency prejudiced his defense. First, Appellant maintains that had trial counsel called codefendants O'Neil Davis, Paula Hackney and Curtis Adams to testify, the jury would have heard favorable testimony from these witnesses, thereby exonerating Appellant from any involvement with the arrests occurring on October 12, 1988 and October 15, 1988. However, a review of the record reveals that failure to call these three codefendants may have been an intelligent tactical decision, as their testimony would have been very damaging. All three codefendants pleaded guilty and had accepted responsibility for their possessions prior to Appellant's trial. Each defendant was arrested while transporting cocaine at Appellant Davis' request, and all had observed Appellant counting large sums of cash. Based on the foregoing, Appellant has not shown that failure to call these codefendants to testify violated his sixth amendment right to counsel.
 
 
 9
 Appellant also maintains that counsel's failure to object when the Government introduced evidence of the individual possession of cocaine by codefendants Andrew Peavy, O'Neil Davis, Paula Hackney and Curtis Adams was ineffective assistance of counsel. Although Appellant's brief is not clear, Davis arguably charges that introduction of this evidence violated his rights to be free from unreasonable search and seizure under the fourth amendment. However, Appellant introduces no case law to support this contention. On the contrary, in Alderman v. United States, 394 U.S. 165 (1969), the Supreme Court held that fourth amendment rights are personal in nature and may not be vicariously asserted. Instead, the defendant must show that he had some reasonable expectation of privacy in the item searched. Katz v. United States, 389 U.S. 347, 361 (1967).
 
 
 10
 In the instant case, the Appellant was not present at the searches conducted pursuant to valid search warrants on October 5th and 12th of 1988. Appellant therefore had no legitimate expectation of privacy in either the suitcase belonging to Curtis Adams, or the trunk of the Acura Legend occupied by O'Neil Davis, Andrew Peavy and Paula Hackney. Therefore, counsel's failure to object to the introduction of such evidence produced from both searches does not support an ineffective assistance of counsel claim.
 
 
 11
 Appellant alleges that counsel failed to enforce his right to a speedy trial, and such failure constituted ineffective assistance of counsel. The Appellant was indicted on November 17, 1988, arraigned on December 7, 1988 and brought to trial on May 17, 1989. The Speedy Trial Act (Act) provides "[i]n any case in which a plea of not guilty is entered, the trial ... shall commence within seventy days from the ... indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. Sec. 3161(c)(1). Appellant contends the six month time lapse between the date of the indictment and the date of the trial was in violation of his rights under the Act. However, subsection (h) of Sec. 3161 lists several conditions under which time may be excluded from the seventy day computation.[2] Three of these exclusions apply in this case.
 
 
 12
 Although Appellant's indictment was returned prior to his arraignment, the time period under Sec. 3161 starts to run on the date of arraignment, when the defendant first appears before a judicial officer. See United States v. Blackmon, 874 F.2d 378, 380 (6th Cir.1989) (seventy day computation begins to run from the latter of the two days: when defendant is indicted or when defendant is arraigned). Additionally, Appellant was joined for trial with his codefendants, and a review of the docket will reveal that throughout January, several motions were filed by codefendants. See Joint Appendix, pp. 3-6. The Blackmon Court also held "[t]he excludable delay of one co-defendant may be ascribed to all defendants." Blackmon, 874 F.2d at 380. On April 6, 1989, the Appellant filed for a continuance of the trial.
 
 
 13
 The periods of December 8, 1988 through January 4, 1989, and April 21, 1989 through May 17, 1989, being the only nonexcludable time frame, constitute less than the seventy day requirement under the Speedy Trial Act.[3] Therefore, Appellant's rights were not violated under the Act, nor was counsel's performance ineffective for failing to present this argument.
 
 
 14
 Finally, Appellant maintains that codefendant Andrew Peavy was under the influence of cocaine when he testified before the Grand Jury, that the Government knew this, and yet permitted Peavy to perjure himself. As a result, Appellant contends, counsel should have moved to dismiss the indictment. When Peavy testified at Appellant's trial, he recanted his testimony, stating he had lied to the Grand Jury because he was under the influence of drugs. However, Peavy was arrested on October 15, 1988, and was placed in custody where he remained until November 17, 1988, when he testified before the Grand Jury. Peavy remained in custody for thirty two days, and we find there is no evidence of drug use during this period, nor is there evidence of access to drugs. Additionally, Rule 80(d)(1)(A) of the Federal Rules of Evidence allows the admission of a prior inconsistent statement for substantive purposes if the statement was made under oath and the declarant is subject to cross-examination. Fed.R.Evid. 801(d)(1)(A); accord United States v. Woods, 613 F.2d 629, 637 (6th Cir.1980), cert. denied 446 U.S. 920 (1980). Finally, it is within the province of the jury as the trier of fact to judge the credibility of the witnesses, and the Appellant's bare allegations, without proof in support of this contention, do not warrant a sixth amendment claim.
 
 III.
 
 15
 Accordingly, based on the foregoing, the decision of the district court is AFFIRMED.
 
 
 
 [1]
 See the Beasley decision for an evolutionary overview of this Circuit's standard by which to review sixth amendment claims. In Beasley, the court abandoned the "farce and mockery" standard in favor a more objective test that would eventually provide the foundation for the standard set forth in Strickland. See Beasley, 491 F.2d at 692-96
 
 
 [2]
 The pertinent language of subsection (h) reads:
 (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to--
 (F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion....
 (7) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.
 (8)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government....
 18 U.S.C. Sec. 3161(h).
 
 
 [3]
 Arguably, the period of April 6, 1989, the date Davis filed for a continuance of the trial, to May 17, 1989, could be excluded pursuant to 18 U.S.C. Sec. 3161(h)(8)(A). In fact, the government did advance this argument in its brief. Appellee's Brief, p. 19. However, although Sec. 3161(h)(8)(A) states that the judge is to set forth in the record specific findings and may satisfy this requirement orally, it does not appear that the district judge did that in this case. See Joint Appendix, pp. 3-6. However, the additional time, from April 21, 1989, (the last day of excludable delay imputed to Davis from his codefendants) to May 17, 1989, the first day of trial, is still within the 70 day requirement when added to the remaining nonexcludable time period. Therefore, the outcome remains unchanged regardless of the Defendant's motion for a continuance