**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ivory Reginald PITTS, Jr.,**
**Defendant–Appellant.**

No. 01–1739.

United States Court of Appeals,
Sixth Circuit.

March 28, 2002.

Before KENNEDY and BOGGS, Circuit

Judges; COFFMAN, District Judge.*

### ORDER

Ivory Reginald Pitts, Jr., appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Pitts pleaded guilty to distributing 46.7 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Pitts to 108 months of imprisonment and four years of supervised release in accordance with the parties' plea agreement. Pitts appeals.

In his timely appeal, Pitts's counsel moves to withdraw and has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Pitts has not responded to his counsel's motion to withdraw.

Upon review, we hereby grant the motion to withdraw as counsel as it reflects that counsel has independently reviewed the entire record and proceedings. Although believing the appeal to be frivolous, counsel has submitted the following issues for review: 1) whether the district court incorrectly applied the sentencing guidelines and whether Pitts's sentence is within the applicable guideline range; 2) whether Pitts pleaded guilty knowingly, intelligently, and voluntarily; 3) whether the district court abused its discretion in failing to grant Pitts's request for downward departure; and 4) whether the district court erred in failing to dismiss the charges based on a violation of the Speedy Trial Act.

We have reviewed the record, including transcripts of Pitts's guilty plea hearing and sentencing hearing, and discovered no error warranting reversal of Pitts's conviction or sentence. Pitts's first argument is meritless. Pitts contends that the district court incorrectly applied the sentencing guidelines and questions whether his sentence is within the applicable guideline range. The district court properly sentenced Pitts. Pitts had a total offense level of 31 and a criminal history category I. The resulting sentencing range was 108–135 months. Pitts agreed in the parties' Rule 11 plea agreement that the applicable guideline range was 108–135 months and that the maximum term of imprisonment would not exceed the mid-point of the guideline range. The district court sentenced Pitts to 108 months of imprisonment—the lowest possible sentence within the applicable guideline range.

Pitts's second argument is meritless. Pitts contends that he did not plead guilty knowingly, intelligently, and voluntarily. A guilty plea is valid if it is entered knowingly, voluntarily, and intelligently, as determined under the totality of the circumstances. *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The record in this case reflects a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *See North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

Pitts's third argument is not cognizable. He contends that the district court abused its discretion in failing to grant Pitts's request for downward departure. A dis-

* The Honorable Jennifer B. Coffman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

trict court's failure to depart downward is not cognizable on appeal when the guideline range is properly computed, the court is aware of its discretion to depart downward, and the sentence does not violate the Sentencing Guidelines or federal law. *United States v. Moore*, 225 F.3d 637, 643 (6th Cir.2000); *United States v. Pickett*, 941 F.2d 411, 417 (6th Cir.1991). Nothing in the record remotely suggests that the district court incorrectly believed that it could not consider defendant's mitigating circumstances and exercise its discretion to depart under the guidelines. In fact, the record is not ambiguous and reveals that the district court fully understood that it had the power to depart. Accordingly, this court lacks jurisdiction to review this issue. *See Moore*, 225 F.3d at 643.

Finally, Pitts waived his fourth argument. He contends that the district court erred in failing to dismiss the charges based on a violation of the Speedy Trial Act. Absent a court-approved reservation of issues for appeal, a defendant who voluntarily pleads guilty waives all challenges to the prosecution except those going to the court's jurisdiction. *See Pickett*, 941 F.2d at 416. *See also Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir.1991). Pitts entered a non-conditional plea of guilty. Because Pitts's plea was constitutionally valid, and he did not reserve the right to appeal the district court's denial of his motion to dismiss, he has waived this issue.

In any event, the argument is meritless. In pretrial proceedings, counsel for Pitts's co-defendant stipulated to adjourn the trial and agreed that such time would be excludable delay. The co-defendant's stipulation to exclude the period of delay also applied to Pitts. *See United States v. Blackmon*, 874 F.2d 378, 380 (6th Cir. 1989).

Accordingly, we hereby grant counsel's motion to withdraw and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.