**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Eric Matthew CONGDON, Defendant—**
**Appellant.**

No. 01–10430.
D.C. No. CR–99–00265–SOM.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 24, 2002.

Before BRIGHT,** HAWKINS, and W. FLETCHER, Circuit Judges.

## MEMORANDUM ***

Eric Congdon (Congdon) appeals his conviction and sentence for possession

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

with intent to distribute and distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1).[1] We affirm.

■ The district court did not err in denying Congdon's request for credit toward his federal sentence on time he served in state custody on a state parole violation. Congdon had completed his state sentence prior to the federal government charging him with possession and distribution of methamphetamine. Therefore, the district court did not err in rejecting Congdon's arguments that his federal sentence should have run concurrently with his state sentence. *See* U.S.S.G. § 5G1.3 cmt.6 (1998) ("If the defendant was on ... state ... parole ... at the time of the instant offense, and has had such ... parole ... revoked, the sentence for the instant offense should be imposed to run consecutively to the term imposed for the violation of ... parole....").

■ Congdon also asserts that his initial arrest invoked the Speedy Trial Act, 18 U.S.C. § 3161(b) (indictment must be filed within thirty days from the date of arrest or summons). Congdon's arrest for a violation of his state parole did not violate the Speedy Trial Act because his rights were not invoked until the federal government formally charged him. *See United States v. Candelaria,* 704 F.2d 1129, 1131–32 (9th Cir.1983) (application of 18 U.S.C. § 3161(b) limited to where formal charges have been filed); *see also United States v. Blackmon,* 874 F.2d 378, 381 (6th Cir.1989) ("A defendant is not 'arrested' for purposes of the Speedy Trial Act until formal federal charges are pending.").

Congdon next contends that the district court violated Federal Rule of Criminal Procedure 32 by not explicitly resolving the objections he raised to factual statements in his Presentence Report (Report). The district court carefully considered Congdon's written and oral objections at sentencing. Numerous times the district court asked Congdon, proceeding pro se, to clarify his argument. The district court did not deprive Congdon of due process since it resolved all issues during the sentencing hearing.

■ The district court did not abuse its discretion in rejecting Congdon's request for grand jury transcripts. Congdon did not demonstrate a particularized need for the grand jury transcripts. *See United States v. Walczak,* 783 F.2d 852, 857 (9th Cir.1986) ("A trial judge should order disclosure of grand jury transcripts only when the party seeking them has demonstrated that a particularized need exists ... which outweighs the policy of secrecy." (internal quotations and citations omitted)). Congdon also did not establish the need at sentencing for the full names and addresses of government confidential informants. Congdon failed to "show that he [had] more than a 'mere suspicion' that the informant[s] [have] information which will prove 'relevant and helpful.'" *See United States v. Ramirez–Rangel,* 103 F.3d 1501, 1505 (9th Cir.1997) (quoting *United States v. Amador–Galvan,* 9 F.3d 1414, 1417 (9th Cir.1993)).

■ Finally, Congdon maintains that he was prejudiced by the government's nondisclosure of information required under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The district court properly determined that Congdon failed to demonstrate that the government withheld material information which would

---

1. The district court granted the government's request for a five-level downward departure for substantial assistance. Congdon received an additional five-level downward departure based on his diagnosis of a chronic liver disease. These actions are not at issue in this appeal.

have changed the outcome of his sentencing. *See United States v. Service Deli Inc.*, 151 F.3d 938, 943 (9th Cir.1998) (holding that a *Brady* violation exists only if the withheld information would have altered the outcome of the proceeding).

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.