**NOT RECOMMENDED FOR FULL TEXT PUBLICATION**
File Name: 08a0446n.06
Filed: July 29, 2008
No. 06-3675

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ROCCO COVIELLO,
     *Defendant, Appellant*

                                       On Appeal from the United States District
                                       Court for the Northern District of Ohio

        v.

UNITED STATES OF AMERICA,
     *Plaintiff, Appellee*

_____/

**BEFORE: KENNEDY and MARTIN, Circuit Judges, and HOOD, District Judge.**[*]

**AMENDED OPINION**

**PER CURIAM**. The court issued an initial opinion in this case on June 6, 2008. *United States v. Coviello*, No. 06-3675, 2008 WL 2337845 (6th Cir. June 6, 2008). Subsequently, Plaintiff-Appellee United States petitioned for panel rehearing based on three grounds for excluding additional days from the defendant's speedy trial calculation, which would reduce the time between the initial appearance and trial to within the 70-day limit imposed by the Act. One of those grounds was that the panel failed to exclude the days the government's motion to qualify an expert witness was still pending as to a co-defendant joined for trial with Defendant-Appellant Rocco Coviello. Finding that we neglected to properly exclude these days, we **GRANT** rehearing with respect to that

---

[*]The Honorable Joseph M. Hood, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

issue and **AMEND** our prior opinion to exclude an additional 26 days from Defendant's speedy trial clock.

Our correction, however, does not change our disposition of this case. Even after excluding an additional 26 days, the government still cannot meet its burden of proving 225 excludable days so as not to run afoul of the Speedy Trial Act without relying on the exclusion for plea negotiations. Because we find that the district court clearly erred in relying on the unsworn, and opposed, statements of counsel to find that Defendant was engaged in active plea negotiations with the government from March 4, 2005 to October 14, 2005, we **VACATE** the district court's denial of Defendant's Motion to Dismiss for Speedy Trial Violation and **REMAND** to the district court for such proceedings as are necessary to make specific factual findings regarding the timing of plea negotiations.

**BACKGROUND**

On December 8, 2004, an indictment alleged Defendant Rocco Coviello, along with twenty-four others, had participated in a large-scale drug-trafficking conspiracy. At his arraignment on February 2, 2005, Defendant pled not guilty to all counts. On March 4, 2005, at Defendant's pretrial conference, the parties indicated that they were in plea negotiations. Over the course of the next several months, the government also engaged in plea negotiations with many of his co-defendants, successfully resulting in pleas of guilty. On August 2, 2005, the district court set a trial date of September 7, 2005. The trial was apparently delayed because of the illness of the presiding judge. Appellee's Br. at 4. On October 5, 2005, the district court held a pretrial conference for Defendant and his remaining co-defendant Edward Zeilstra. The parties agreed to continue plea negotiations and a change of plea hearing for Defendant was set for October 14, 2005. At the plea hearing,

2

Defendant informed the district court that he wished to proceed to trial. A trial date was set at that time for December 12, 2005.

On November 29, 2005, Defendant's case was reassigned to Judge Dan Aaron Polster because of the hospitalization of the presiding judge. At a pretrial conference held the following day, Judge Polster entered an order granting a continuance of the trial until January 11, 2006 and making "ends of justice" findings.

On January 3, 2006, Defendant filed a motion to dismiss the indictment for violation of the Speedy Trial Act, arguing that more than 70 days passed before he was brought to trial, even after accounting for legitimate periods of excludable delay under § 3161(h). The government responded and Defendant filed a reply to the government's response. On January 11, 2006, the district court denied Defendant's pretrial motion to dismiss the charges and the trial commenced.

On January 17, 2006, before the trial concluded, Defendant pled guilty to two drug counts and two money-laundering counts. Defendant's guilty plea was conditional on the reservation of his right to appeal the denial of his motion to dismiss. The district court sentenced him to 360 months imprisonment, five years of supervised release, and a special assessment. Defendant now timely appeals the denial of his Motion to Dismiss for Speedy Trial Violation.[1]

## ANALYSIS

We review *de novo* the district court's Speedy Trial Act calculation. *United States v. Salgado*, 250 F.3d 438, 453 (6th Cir. 2001). Related factual findings are reviewed for clear error. *United States v. Marks*, 209 F.3d 577, 586 (6th Cir. 2000). A finding of fact by the district court is

---

[1]Defendant also argues, if his conviction is upheld, the 360 month sentence he received after pleading guilty to two drug counts and two money laundering counts is substantively unreasonable. We make no determination as to the merits of this argument at this juncture.

clearly erroneous when, "although there may be some evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Carroll*, 26 F.3d 1380, 1390 (6th Cir. 1994) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)) (internal quotations omitted).

The Speedy Trial Act, 18 U.S.C. §§ 3161-74, requires that the accused be brought to trial within 70 days of the filing of the indictment, or from the date he first appears before a judicial officer of the court in which the charge against him is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1). Section 3161(h) excludes certain pretrial delays from the 70 day period, which have the effect of stopping the speedy trial clock. If the United States fails to bring a defendant to trial within 70 nonexcludable days, the indictment on which he is charged "shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2).

Initially, we must determine when the speedy trial clock began to run. Defendant was indicted on December 8, 2004 and arraigned on February 2, 2005. The indictment in this case, however, charged Defendant along with twenty-four other defendants. Because § 3161(h)(7) excludes "[a] reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted," the excludable delay of one co-defendant may be ascribed to all defendants. *United States v. Blackmon*, 874 F.2d 378, 380 (6th Cir. 1989). Thus, all defendants who are joined for trial generally fall within the speedy trial computation of the latest co-defendant. *See Henderson v. United States*, 476 U.S. 321, 323 n. 2 (1986); *Blackmon*, 874 F.2d at 380.

Here, the latest co-defendant, Glenn Swofford, was arraigned on March 23, 2005. Therefore, this date triggers the running of the speedy trial clock with respect to all co-defendants joined for

4

trial, including Defendant. Consequently, the government was required by the Speedy Trial Act to bring Defendant to trial within 70 days of March 23, 2005, barring periods of excludable delay. However, Defendant's trial did not begin until January 11, 2006 – 295 days from March 23, 2005. Thus, Defendant has presented a prima facie case of a Speedy Trial Act violation. *United States v. Mentz*, 840 F.2d 315, 325-26 (6th Cir. 1988). The government now bears the burden of proving by a preponderance of the evidence that there were sufficient excludable days under § 3161(h) to reduce the time between the initial appearance and trial to within the 70-day limit imposed by the Act. *United States v. Jenkins*, 92 F.3d 430, 438 (6th Cir. 1996). Specifically, the government must show that 225 days were properly excluded.

Dates on which the district court held hearings concerning Defendant or any co-defendant joined for trial are excludable under § 3161(h)(1). Additionally, the filing of a pretrial motion by any party stops the clock until the motion has been disposed. 18 U.S.C. § 3161(h)(1)(F). We, however, do not exclude the date of filing – unless the date was also the date an order was entered resolving the motion. *United States v. Thomas*, 49 F.3d 253, 256 (6th Cir. 1995). We also consider "[a] notice of change of plea [as] a motion requiring hearing and, as a result, the time from the filing of the notice of hearing through the conclusion of the plea hearing is excludable." *United States v. Moss*, No. 98-4273, 2000 WL 553901, at *7 (6th Cir. April 26, 2000) (unpublished disposition); *see Jenkins*, 92 F.3d at 440.

As discussed *supra*, Defendant's speedy trial clock started on March 23, 2005, when the latest co-defendant joined for trial, Glenn Swofford, was arraigned. Because co-defendant David Taverna, Sr. filed a notice of change of plea on March 18, 2005, we exclude the time from the filing (starting on March 23, 2005) through the conclusion of the plea hearing on April 19, 2005, when the

5

district court adopted the report and recommendation of the magistrate judge in accepting Taverna's guilty plea. This yields 28 excludable days.[2]

April 22, 2005 is excludable because the pretrial conference of co-defendant Swofford was held that day, adding 1 excludable day. Co-defendant Mark Mendivil filed a notice of change of plea on April 25, 2005. While this date is not excludable as we do not exclude the date of filing, *Thomas*, 49 F.3d at 256, we do exclude the time from April 26,2005 until the conclusion of Mendivil's plea hearing on May 26, 2005. This adds 31 excludable days. The government filed a pretrial motion for interlocutory sale of property owned by Defendant on May 26, 2005 and the district court entered an order resolving this motion on May 27, 2005. Therefore, the date the order was entered is excludable, yielding 1 excludable day. May 31, 2005 is excludable due to the pretrial conference of co-defendant Swofford. This adds 1 excludable day.

On June 3, 2005, a joint motion was filed concerning co-defendant Swofford. The district court entered an order granting this motion on June 8, 2005, thus adding 5 excludable days. Two motions were filed by co-defendant Jesus Alcantar on June 15, 2005. The district court entered an order denying one motion on June 30, 2005. Therefore, 15 excludable days passed from the filing of the pretrial motion until its disposition. The district court did not rule on the second motion filed by co-defendant Alcantar until August 9, 2005; however, only 30 days from the government's

---

[2]While pretrial conferences, hearings, motions, and notices of change of plea may provide alternative grounds for excludability, we decline to enumerate them in our calculation for the sake of clarity.

response filed on June 28, 2005 are excludable. *Mentz*, 840 F.2d at 326-27. Therefore, an additional 28 excludable days passed between June 28, 2005 and July 28, 2005.[3]

August 2, 2005 adds 1 excludable day for the change of plea hearing of co-defendant David Baus. The district court issued a trial order on that day, setting September 7, 2005 as the trial date for Rocco Coviello, Andreas Hatzilouloudes, Ronald Bordieri, and Edward Zeilstra.[4] Thus, after August 2, 2005, as to Defendant Rocco Coviello, only co-defendants Hatzilouloudes, Bordieri, and Zeilstra were "joined for trial" within the meaning of § 3161(h)(7). Consequently, the actions of any other defendant named in the indictment did not stop Defendant's speedy trial clock.

On August 5, 2005, the government filed a motion for the interlocutory sale of property owned by Defendant. The date of the filing is not excludable, but 6 excludable days passed before the district court granted the motion on August 11, 2005. Co-defendant Zeilstra filed a motion on August 18, 2005, which was granted on August 19, 2005, thus adding 1 excludable day. Also on August 19, 2005, co-defendant Bordieri filed a notice of change of plea. Because we treat a notice of change of plea as a pretrial motion requiring a hearing, we exclude the time from the filing through the conclusion of the plea hearing on August 26, 2005. This yields 7 excludable days.

The government filed a motion to qualify an expert witness as to Defendant and Zeilstra on August 24, 2005. In our initial opinion, because the government requested a pretrial hearing on this matter, we excluded the time from the filing through Defendant's response to the motion on September 8, 2005, stipulating to the qualification of the expert witness (and thereby eliminating the

---

[3]June 29-30, 2005 have been counted as otherwise excludable due to Alcantar's first pending motion.

[4]There is nothing in the record to explain why the trial did not begin on this date.

need for the district court to hold a hearing on the matter). We thus found only 13 days properly excludable because of the pending motion.[5] As pointed out by the government in its petition for rehearing, however, we neglected to consider that Zeilstra had not responded to the motion to qualify, and thus it was still pending as to a co-defendant joined for trial. Consequently, we must exclude the additional days that the motion remained pending as to Zeilstra, so long as he was "joined for trial" with Defendant.

Zeilstra never responded to the government's motion to qualify an expert witness. On October 14, 2005, however, the district court issued a separate trial order, setting Defendant's individual trial date for December 12, 2005.[6] As of this date, co-defendant Zeilstra was no longer "joined for trial" with Defendant for purposes of § 3161(h)(7) and his actions no longer affected Defendant's speedy trial clock.

Accordingly, we find that we must exclude from Defendant's speedy trial calculation any additional days (not otherwise counted as excludable) between August 24, 2005 and October 14, 2005 while the government's motion was pending as to a co-defendant then joined for trial. The motion to qualify an expert was pending, and the days were not otherwise excludable, from September 9, 2005 to October 4, 2005.[7] This adds 26 excludable days previously not excluded.

_____

[5]August 25-26, 2005 have been counted as otherwise excludable because of the pendency of co-defendant Bordieri's notice of change of plea.

[6]The indictment was dismissed against co-defendant Hatzilouloudes on September 19, 2005.

[7]The remaining days that the motion was pending, October 5-14, 2005, were counted as otherwise excludable in our initial opinion because of a pretrial conference, active plea negotiations. and the pendency of Defendant's notice of change of plea.

As set forth in our initial opinion, October 5, 2005 adds 1 excludable day for the pretrial conference of Defendant and Zeilstra. The minutes of these proceedings reveal that plea negotiations were to continue. Notices of change of plea were entered as to each co-defendant on the following day, October 6, 2005. Therefore, there is sufficient evidence to find that the parties were engaged in active plea negotiations on October 6, 2005, making this day excludable from the speedy trial clock. *Bowers*, 834 F.2d at 609-10. This adds 1 excludable day. We also exclude the time from the filing of the notices of change of plea until the conclusion of the plea hearings. However, on October 14, 2005, the date of Defendant's scheduled plea hearing, he"decided not to change his plea." Docket No. 465. We will exclude the time from Defendant's notice of change of plea through the resolution of this "pretrial motion" by his declaration of his intent to continue to trial at his scheduled plea hearing date. *See Mentz*, 840 F.2d at 330-32 (defendant's notice of intent to change plea tolls the clock). This adds 8 excludable days.

On November 29, 2005, Defendant's case was reassigned to Judge Dan Aaron Polster because of the hospitalization of the presiding judge. November 29, 2005 adds 1 excludable day because of the pretrial conference of Defendant. On November 30, 2005, without objection from either party, Judge Polster entered an order granting a continuance of the trial until January 11, 2006 and making "ends of justice" findings. 18 U.S.C. § 3161(h)(8)(A). This "ends of justice" continuance adds 43 excludable days.

Therefore, according to this Court's calculations thus far, a total of 218 days can be properly excluded from Defendant's speedy trial clock. Without more, this would fall short of the 225 days that the government bears the burden of proving excludable to reduce the time between the initial appearance and trial to within the 70-day limit imposed by the Act.

9

To meet its burden of proving sufficient excludable days so as not to run afoul of the Speedy Trial Act, the government relies primarily on the exclusion for plea negotiations recognized by this Court in *United States v. Bowers*, 834 F.2d 607, 609-10 (6th Cir. 1987), and later affirmed in *United States v. Dunbar*, 357 F.3d 582, 593(6th Cir. 2004). The government argues, and the district court found, that Defendant was engaged in active plea negotiations with the government from March 4, 2005 to October 14, 2005, thus excluding 206 days from the calculation. When coupled with the 43 days excludable for the "ends of justice" continuance, the government argues that a total of 249 days are excludable from the speedy trial calculation, and it brought Defendant to trial within the 70-day limit imposed by the Act.

We find, however, that the district court clearly erred in finding that Defendant was engaged in active plea negotiations with the government from March 4, 2005 to October 14, 2005. In its order denying Defendant's Motion to Dismiss for Speedy Trial Violation, the district court erroneously relied on a few docket entries and the *unsworn* statements of the government in its motions to find that the parties were engaged in active plea negotiations for 206 days. The district court based its finding that the parties began plea negotiations on March 4, 2005 on the Minutes of a Pretrial Conference. Docket No. 180. The district court relied on the unsworn statements of counsel in motions submitted to the court to find that the government sent Defendant a proffer letter on March 18, 2005 (statement made in Motion to Qualify Expert Witness: Docket No. 417); he met with federal agents on May 10, 2005 (statements made in Motion to Qualify and Response to Speedy Trial Motion: Docket Nos. 417, 534); and the government sent him a proposed plea agreement on June 30, 2005 (statements made in Motion to Qualify and Response to Speedy Trial Motion: Docket Nos. 417, 534). Most importantly, though, the district court did not conduct a hearing before finding

10

that active plea negotiations continued until October 14, 2005, despite the fact that the unsworn submissions by counsel for both parties contradicted each other regarding the length of plea negotiations. *Compare* Government's Response to Motion to Dismiss: Docket No. 534 at 8 (claiming "from at least Rocco Coviello's March 4, 2005, pretrial conference, there were ongoing, substantive discussions . . . [until] [p]lea negotiations ceased (failed) . . . as of October 14, 2005 ") *with* Defendant's Reply to Government's Response: Docket No. 535 at 3 (asserting "the negotiations ended over 100 days before the first trial setting of December 12, 2005").[8]

Despite our deferential clearly erroneous standard of review, we are left with a definite and firm conviction that the evidence before the district court was insufficient to support a finding that Defendant and the government were continuously engaged in active plea negotiations from March 4, 2005 to October 14, 2005. The only "evidence" before the district court regarding the timing and length of the negotiations was the unsworn, and contradictory, assertions of counsel for both parties. This is insufficient to support a factual finding.

We have no doubt, though, that extensive plea bargaining between Defendant (as well as his co-defendants joined for trial) and the government *did* occur in this case and that time should be excluded from his speedy trial clock. A look at the docket in this case reveals the existence of such plea negotiations. The Minutes of a Pretrial Conference held on March 4, 2005 indicate Defendant and the government were to continue plea negotiations at that time. Months later, a change of plea

---

[8]This factual dispute over when plea negotiations failed is significant because if Defendant's assertion is true, and plea negotiations ended more than 100 days before December 12, 2005 (on September 3, 2005), then by our count, even if we exclude the time from March 4, 2005 to September 3, 2005 for plea negotiations, 71 non-excludable days passed after plea negotiations ceased.

11

hearing for Defendant was set for October 14, 2005. Furthermore, almost all of his co-defendants pled guilty prior to Defendant's trial date as a result of extensive negotiations during this period.

Even though there is some evidence that plea negotiations occurred, the Speedy Trial Act demands a day-by-day accounting for excludability. We find that there is not sufficient evidence before us to conduct such a calculation. Therefore, we remand to the district court for such proceedings as are necessary to determine whether Defendant (or any co-defendant joined for trial) was engaged in active plea negotiations with the government on days not otherwise excludable by our calculation.

### CONCLUSION

Accordingly, we **GRANT** rehearing to **AMEND** our prior opinion to exclude an additional 26 days from Defendant's speedy trial clock to account for the time a motion was pending as to a co-defendant still joined for trial. Yet, because the government cannot met its burden of proving 225 excludable days so as not to run afoul of the Speedy Trial Act without relying on the exclusion for plea negotiations, and because there is insufficient evidence before us to conduct a day-by-day accounting of these plea negotiations, we **VACATE** the district court's denial of Defendant's Motion to Dismiss for Speedy Trial Violation and **REMAND** to the district court for such proceedings as are necessary to make factual findings regarding the days engaged in active plea negotiations.

12