RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 09a0171p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

No. 07-2318

*v.*

SAFI SOBH,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 04-80480-011—Patrick J. Duggan, District Judge.

Argued: April 30, 2009

Decided and Filed: May 13, 2009

Before: GUY, GILMAN, and COOK, Circuit Judges.

————————————

## COUNSEL

**ARGUED:** Laura Jane Durfee, INDIANA UNIVERSITY SCHOOL OF LAW, Bloomington, Indiana, for Appellant. Cynthia Oberg, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee. **ON BRIEF:** Laura Jane Durfee, INDIANA UNIVERSITY SCHOOL OF LAW, Bloomington, Indiana, Gregory A. Castanias, JONES DAY, Washington, D.C., Darren Andrew Craig, FROST BROWN TODD, Indianapolis, Indiana, for Appellant. Cynthia Oberg, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

————————————

## OPINION

————————————

RALPH B. GUY, JR., Circuit Judge. Defendant Safi Sobh was convicted following a jury trial on one count of conspiracy, 18 U.S.C. § 371, and one count of aiding and abetting bank fraud, 18 U.S.C. § 1344. Defendant argues on appeal that the district court erred in

denying his motions to dismiss the Superceding Indictment for violation of the Speedy Trial Act, 18 U.S.C. §§ 3161-3162 (2006).[1]  Finding no violation, we affirm.

**I.**

On January 25, 2006, a Superceding Indictment was filed charging defendant Sobh and six codefendants with conspiracy, bank fraud, identity theft, money laundering, and forfeiture.  Sobh was employed as a mortgage loan officer, owned and operated a real estate company, and taught classes on mortgage financing.  Sobh taught his coconspirators how to falsify documents, secured falsely inflated appraisals, and received a portion of the proceeds of the fraudulent loans.  The conspiracy caused losses of more than $3.2 million.

Sobh was in Canada when the Superceding Indictment was filed on January 25, 2006, and was not returned to the United States and arraigned until May 30, 2006.  On May 1, 2006, before Sobh was arraigned, the district court granted the other defendants an ends-of-justice continuance of the trial date from May 2, 2006, until October 10, 2006.  18 U.S.C. § 3161(h)(8).

Then, on September 22, 2006, counsel for the government joined counsel for all of the defendants in requesting an adjournment of the October trial date.  The district court granted the request, adjourned the trial to April 24, 2007, and determined that the time until that date was excludable delay for purposes of the Speedy Trial Act.  Although Sobh's counsel joined in that motion for continuance, Sobh later argued that he had not consented to the adjournment.  On November 13, 2006, Sobh filed a *pro se* motion to dismiss the indictment due to a speedy-trial violation.  On November 14, 2006, Sobh filed a separate letter motion requesting that his retained counsel withdraw and that the court appoint another lawyer to represent him.  A hearing was held on the request for new counsel on November 30, 2006, and an order granting the motion was entered on December 1, 2006.  The motion to dismiss, however, was not decided at that time, and newly appointed counsel filed an amended motion to dismiss on February 14, 2007.

---

[1]All references are to the 2006, pre-amendment, provisions of 18 U.S.C. §§ 3161-3162.

The district court denied Sobh's motion to dismiss on March 29, 2007, and denied the motion for reconsideration on April 18, 2007. Sobh also filed a renewed motion for bond pending trial on April 17, 2007, which was denied following a bond-review hearing held April 24, 2007. The joint trial of Sobh and his only remaining codefendant commenced on April 25, 2007, and concluded on May 15, 2007. Convicted as charged, Sobh was sentenced to imprisonment for 120 months on count 1 and 60 months on count 2, to run concurrently, and was ordered to pay restitution of more than $1.25 million. This appeal followed.

**II.**

The Speedy Trial Act essentially requires that a defendant be brought to trial within 70 days from the date of indictment or arraignment, whichever is later, 18 U.S.C. § 3161(c), but provides that certain enumerated pretrial delays are excludable from the 70-day period, 18 U.S.C. § 3161(h)(1)-(9). If a defendant is not brought to trial within that time, as extended, the indictment shall be dismissed, 18 U.S.C. § 3162(a)(2). We have held that once a defendant makes a *prima facie* showing that more than 70 days have passed, the government bears the burden of proving sufficient excludable time by a preponderance of the evidence. *United States v. Jenkins*, 92 F.3d 430, 438 (6th Cir. 1996). In reviewing the denial of a motion to dismiss for violation of the Speedy Trial Act, we review the district court's interpretation of the Speedy Trial Act *de novo* and its factual findings for clear error. *United States v. Marks*, 209 F.3d 577, 586 (6th Cir. 2000); *United States v. Carroll*, 26 F.3d 1380, 1390 (6th Cir. 1994); *United States v. Robinson*, 887 F.2d 651, 656 (6th Cir. 1989).

Since Sobh's first appearance occurred after his indictment, the period begins to run from his arraignment on May 30, 2006, and that day is excluded from the 70-day limit. *United States v. Mentz*, 840 F.2d 315, 326 (6th Cir. 1988). Absent excludable delay, then, the 70-day period would end on August 8, 2006. The government maintains that this entire period was excludable under § 3161(h)(7), which excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."

This means that when multiple defendants are charged together, and no severance has been granted, one speedy trial clock governs. *United States v. Blackmon*, 874 F.2d 378, 380 (6th Cir. 1989) (citing *Henderson v. United States*, 476 U.S. 321, 330 (1986)); *see also United States v. Cope*, 312 F.3d 757, 776 (6th Cir. 2002). Moreover, the excludable delay of one defendant is also excluded for his codefendants. *Blackmon*, 874 F.2d at 380; *United States v. Culpepper*, 898 F.2d 65, 66-67 (6th Cir. 1990).

Sobh argues that because his arraignment "restarted" the speedy trial "clock" for his codefendants, the May 1 order entered before his arraignment could not "toll" a "clock" that would not "start running" for 29 more days. It is true, as Sobh argues, that the cases relied upon by the government all involved claims by earlier-arraigned codefendants whose speedy-trial time was measured by the arraignment of the *last* defendant—not a speedy-trial claim made by the *latest* arraigned defendant. At the same time, Sobh conceded that there were no cases in which the excludable delay of a codefendant was disregarded because of the later arraignment of a codefendant. We conclude that § 3161(h)(7) as well as the general rule that the excludable delay of one codefendant is excludable delay for all codefendants, applies equally to earlier and later arraigned codefendants. As a result, although the 70-day period started to run on May 31, 2006, the ends-of-justice continuance entered on May 1, 2006, (that continued the trial date to October 10, 2006), remained effective. *Accord Coviello v. United States*, 287 F. App'x 503, 507 (6th Cir. 2008) (holding that the speedy-trial clock started March 23, when the latest codefendant joined for trial was arraigned, but that a change-of-plea notice filed March 18 by another defendant resulted in excludable delay starting on March 23 through the conclusion of the hearing on April 19); *United States v. Story*, 125 F. App'x 646, 650 (6th Cir. 2005) (holding that although the speedy trial clock began to run when the last codefendant was arraigned on July 16, another defendant's pending pretrial motions resulted in excludable delay from July 16 until November 19).

Accordingly, we find that the 70-day period did not elapse on August 8, 2006, as Sobh maintains.**²**

Alternatively, Sobh argues that even if the 70-day period was tolled by the first continuance, he was not bound by the second ends-of-justice continuance entered on September 22, 2006, because his attorney entered the stipulation without his knowledge or consent. In that regard, the district court found both that the stipulation by counsel waived the right to challenge the delay and that, even if it did not, the delay was properly excluded under § 3161(h)(8). By its terms, § 3161(h)(8)(A) does not require a defendant's consent to the continuance "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

For such a continuance to be excludable, the court must set forth its reasons, orally or in writing, in the record of the case, § 3161(h)(8)(A), "at the very least . . . by the time a district court rules on a motion to dismiss under § 3162(a)(2)." *Zedner v. United States*, 547 U.S. 489, 507 (2006). The district court, in denying the motion to dismiss, as amended, and the motion for reconsideration, set forth its reasons, including defense counsel's representation that because discovery "consist[ed] of over 3,200 pages of mortgage, bank, and credit company records, as well as physical evidence recovered in searches and witness statements, counsel for Safi Sobh has not had sufficient time to review the evidence, prepare a defense, or counsel his client on the advisability of proceeding to trial." In addition, counsel for all of the codefendants requested additional time to prepare, and represented that several of the codefendants continued to pursue fruitful plea negotiations and needed additional time to ascertain how to proceed. Finally, the government joined in the request, citing conflicting trial and professional commitments, as well as the unavailability of the primary case agent to participate in trial preparation.

---

**²**Although the government argues that there was additional excludable delay between July 7 and August 30, 2006, due to its motion filed under seal regarding a possible conflict of interest, it is not necessary to determine whether that period of delay was excludable.

We find, and Sobh does not seriously dispute, that the district court set forth reasons that reflect consideration of the factors to be considered under § 3161(h)(8), and made an express finding that the ends of justice served by the continuance outweighed the best interest of the public and the defendant in a speedy trial. As a result, the period from September 22, 2006, through April 24, 2007, while overlapping the delay excludable under the first continuance, is excludable delay that tolls the 70-day period as to all the defendants joined for trial.

Finally, as the government maintains on appeal, even if the second continuance did not result in excludable delay and the 70-day period began to run on October 10, 2006, all but 48 days were excluded between October 10, 2006, and the commencement of trial on April 25, 2007, due to Sobh's own pretrial motions. Any period of delay resulting from other proceedings concerning the defendant are excluded in computing the time within which trial must commence, including, "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(F). The government has shown, and Sobh does not dispute, that periods from November 13, 2006, through March 29, 2007, and then from April 14, 2007, through commencement of trial on April 25, 2007, were excluded from the calculation as delay that resulted from Sobh's own pretrial motions for withdrawal of counsel (November 13, 2006, through December 1, 2006), to dismiss the indictment (November 14, 2006, through March 29, 2007), for reconsideration of the motion to dismiss (April 14, 2007, through April 18, 2007), and for bond pending trial (April 17, 2007, through April 24, 2007).

Finding that Sobh was brought to trial within the 70-day period, as extended by excludable delay, we **AFFIRM**.