NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0550n.06

No. 09-3453

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
**Aug 26, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| THOMAS BALLATO, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE: KEITH, COLE, and GIBBONS, Circuit Judges.

**COLE, Circuit Judge.** Defendant-Appellant Thomas Ballato pleaded guilty to one count

of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(4)(B) and (b)(2). He now

appeals the district court's decision denying his motion to dismiss the indictment for violation of the

Speedy Trial Act, 18 U.S.C. § 3161 *et seq*. We **VACATE** the district court's denial of Ballato's

motion to dismiss and **REMAND** to the district court for proceedings consistent with this opinion.

**I. BACKGROUND**

On September 26, 2006, a criminal complaint was filed in the United States District Court

for the Southern District of Ohio, charging Ballato with receipt of child pornography, in violation

of 18 U.S.C. § 2252A(a)(2) and (b)(1). After his arrest, Ballato obtained bond and waived his

preliminary hearing, resulting in the bind-over of his case to the grand jury. Ballato then waived the

time in which a timely indictment had to be filed up and until November 27, 2006. The Government

and Ballato next filed a successful joint motion to extend the time to indict until December 27, 2006. On November 28, 2006, at the request of pretrial services, the magistrate judge issued orders to show cause as to why the court should not revoke Ballato's bond for purported violations of his terms of release. In particular, pretrial services alleged that Ballato had violated the terms of his electronic monitoring—a condition of release mandated by the Adam Walsh Act ("AWA"). *See* 18 U.S.C. § 3142(c)(1)(B). After conducting an initial hearing on the matter, the magistrate judge continued the proceedings on the orders to show cause until December 14, 2006. However, unbeknownst to the magistrate judge, on December 13, 2006, the grand jury indicted Ballato on one count of receipt of child pornography. The magistrate judge recommenced the show-cause hearing on December 14, 2006. At the close of the hearing, the magistrate judge instructed the parties to brief the constitutionality of the AWA and its mandatory electronic-monitoring provisions. But upon learning that the grand jury had indicted Ballato, the magistrate judge concluded that jurisdiction in the case had passed to the district court and therefore dissolved the orders to show cause. The magistrate judge noted, however, that the district court had discretion to refer the matter back to him for a decision.

In an apparent response to this order, the district court referred the bond matter back to the magistrate judge. The magistrate judge initially interpreted the referral as a mandate to reinstate and resolve the previously issued show-cause order concerning Ballato's alleged bond violations and instructed the parties to brief the issue. The Government filed its brief on January 5, 2007; Ballato filed his on January 22, 2007. On the same day, Ballato also filed a motion to strike certain conditions of his bond, including the terms that prohibited his contact with minors. On February 7,

2007, the magistrate judge issued a report to the district court concluding that he had nothing to resolve because the referral order had referenced a non-existent motion to revoke bond. In addition, the referral order did not authorize the magistrate judge to resolve Ballato's new motion to strike bond conditions.

In the meantime, on January 29, 2007, Ballato filed a motion to suppress evidence. On March 2, 2007, the district court conducted a suppression hearing and established a briefing schedule on the matter. Consistent with the district court's order, Ballato filed his final brief on this issue on May 3, 2007.

While awaiting a ruling on the suppression motion, the parties filed various pleadings. On June 6, 2007, for instance, the Government filed a motion for a status conference. The court granted the motion and initially set the matter for hearing on July 5, 2007. For his part, Ballato filed a motion for supervised visitation with his son or modification of his bond on June 25, 2007. A week later, on July 3, 2007, the minor's mother filed a motion to intervene and oppose Ballato's request for visitation. When the district court granted the mother leave to file her opposition, Ballato responded on July 9, 2007, in support of his original brief.

While these motions were pending, Ballato appeared before the district court on July 27, 2007, and waived time under the Speedy Trial Act ("the Act") through September 25, 2007. In continuing the trial date, the district court made a factual finding that the ends of justice outweighed the interests of the defendant and the public in holding a speedy trial.

Then, on September 19, 2007, the grand jury returned a superseding indictment against Ballato, adding a second count—possession of child pornography in violation of 18 U.S.C. §

2252A(a)(4)(b) and (b)(2). The following week, on September 24, 2007, Ballato filed a motion to work and seek employment; the district court did not rule on the motion until November 6, 2007. Next, on September 24, 2007, the district court arraigned Ballato on the superseding indictment and made another ends-of-justice finding, continuing the trial date an additional thirty days.

Before the thirty days expired, on October 12, 2007, Ballato filed a motion to dismiss the superseding indictment for alleged violations of the Speedy Trial Act. While briefing on this motion was in process, Ballato hired new counsel and, on January 7, 2008, again asked the district court to waive time under the Act until April 14, 2008. The district court once more found that the ends of justice outweighed the interests of the defendant and the public in speedy trial, thereby tolling the speedy-trial clock until April 14, 2008. Then, on February 5, 2008, Ballato filed his final brief in support of his motion to dismiss for Speedy Trial Act violations. On April 8, 2008, the district court concluded that only thirteen days had expired from the date of the original indictment for purposes of the speedy-trial clock and denied the motion.

Pursuant to a plea agreement, Ballato pleaded guilty on December 5, 2008. The parties also agreed, pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, that Ballato reserved the right to appeal the issue of the adverse determination on his motion to dismiss for Speedy Trial Act violations. On April 15, 2009, the district court sentenced Ballato to forty-eight months' imprisonment, supervised release for life, one hundred hours of community service, and a $100 assessment.

Ballato timely appealed.

## II. ANALYSIS

The Speedy Trial Act requires that a defendant's trial begin within seventy days of the filing of the indictment or arraignment, whichever is later. 18 U.S.C. § 3161(c)(1). However, the seventy-day rule is subject to excludable periods of delay for consideration of motions, pretrial proceedings, competency examinations, and other procedural matters. 18 U.S.C. §3161(h). Both the Government and Ballato agree that the Speedy Trial clock ran from June 4, 2007, until June 6, 2007, and from June 14, 2007, until June 25, 2007, for a total of thirteen days. They also agree that the clock was stopped at different points, including: January 22, 2007 to June 3, 2007 (Ballato's motion to strike bond conditions and motion to suppress); June 6, 2007 to June 14, 2007 (Government's motion for status conference); and July 27, 2007 to October 12, 2007 (ends-of-justice continuance). At issue here is whether two periods of delay—December 14, 2006, through January 22, 2007 (thirty-nine days), and June 25, 2007, through July 25, 2007 (thirty days)—are excludable from the seventy-day time limit.

In reviewing the disputed periods, the district court relied, in part, on 18 U.S.C. § 3161(h)(1)(D) (formerly 18 U.S.C. § 3161(h)(1)(F)) to toll the speedy-trial clock. Section 3161(h)(1)(D) provides that "delay resulting from any pretrial motion" is "excluded in computing the time within which . . . the trial of any such offense must commence." We recently analyzed this portion of the statute in *United States v. Tinklenberg*, 579 F.3d 589 (6th Cir. 2009). In that case, the Government relied on the pretrial-motion exception to argue that its motion to take a video deposition of a witness and its motion to bring two guns into the courtroom as evidence tolled the speedy-trial clock. In considering the argument, we first looked to the language of the Act. *Id.* at

597. We noted that the word "delay" appears in § 3161(h)(1)(D) and its two prefatory clauses three different times, and the statute twice states that the delay must "result from" the pretrial motion. *Id.* at 598. Because of this language, we concluded that "[t]here is no conceivable way to read [the statute] other than to require a delay to *result* from any pretrial motion before excludable time occurs." *Id.* We consequently found that "[e]xcluding time for mundane pretrial motions," such as the Government's motions to depose a witness by video and to allow guns into the courtroom, "would frustrate the purpose of the Speedy Trial Act." *Id.* at 599.

Since our decision, district courts computing time under the Speedy Trial Act have applied *Tinklenberg* and inquired as to whether a motion actually causes delay before excluding time. *See, e.g.*, *United States v. Siler*, No. 3:10-CR-71, 2010 U.S. Dist. LEXIS 76333, at *2 (E.D. Tenn. July 28, 2010) ("The Court finds that the Defendant's suppression motion is of such a nature that the time required to determine the issue creates excludable time."); *United States v. Johnson*, No. 09-20264, 2010 U.S. Dist. LEXIS 20473, at *17 (E.D. Mich. March 8, 2010) ("[Counsel's] motion to withdraw, therefore, constituted a motion that delayed trial or had the potential to delay trial under *United States v. Tinklenberg*." (citation omitted)); *United States v. Sutton*, No. 3:09-CR-139, 2009 U.S. Dist. LEXIS 119436, at *2 (E.D. Tenn. Dec. 22, 2009) (finding that defendant's pretrial motions "[were] of such a nature that the time required to determine the issues creates excludable time"); *United States v. Jerdine*, No. 1:08 CR 00481, 2009 U.S. Dist. LEXIS 117919, at *13 (N.D. Ohio Dec. 18, 2009) (finding that defendant's motions were "complex in nature and that the time required to rule upon these motions causes a delay of the trial and, thus, create[d] excludable time").

Here, however, because the district court issued its opinion before we decided *Tinklenberg*, the court did not consider whether the various motions would delay trial.  Because the district court is in the best position to make this determination, we remand to the district court with instructions to apply *Tinklenberg* and determine whether the motions at issue actually caused delay or the expectation of a delay.  *Cf. Coviello v. United States*, 287 F. App'x 503, 505 (6th Cir. 2008) (vacating and remanding to the district court for factual findings regarding speedy-trial clock calculations).

### III.  CONCLUSION

For the reasons expressed above, we **VACATE** and **REMAND** to the district court.