NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0037n.06

No. 12-3615

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jan 07, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| ANTHONY L. JERDINE, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: MARTIN and SUTTON, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM. Anthony L. Jerdine, proceeding pro se, appeals his judgment of conviction and sentence.

On February 8, 2012, Jerdine pleaded guilty to two counts of conspiracy to commit bank fraud, two counts of bank fraud, and nine counts of money laundering. Pursuant to a written plea agreement, Jerdine preserved his ability to argue on appeal that his right to a speedy trial under the Speedy Trial Act and the Constitution was violated. The district court sentenced Jerdine to 100 months of imprisonment and five years of supervised release. He was also ordered to pay $1,340,099 in restitution. Jerdine chose to proceed pro se in the district court and has not requested the appointment of counsel before this Court.

On appeal, Jerdine argues that the district court erred by concluding that the government had not violated his right to a speedy trial and due process rights. He asserts that his right to a speedy

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

trial was violated because: (1) the thirty-nine-month delay between his indictment and his plea was "uncommonly long;" (2) the delay was due exclusively to the government's and the district court's actions and inactions; (3) he asserted his right to a speedy trial as early as January 5, 2009; and (4) the delay prejudiced his ability to prepare for trial and was caused by the government's desire to force him to plead guilty. Jerdine argues that the government violated his due process rights by withholding exculpatory evidence and subjecting him to a lengthy pretrial detention. Jerdine states that the remedy for the speedy trial violation is the dismissal of the indictment with prejudice.

"In determining whether a defendant's right to a speedy trial has been violated, [we] review[] questions of law *de novo* and questions of fact under the clearly erroneous standard." *United States v. Robinson*, 455 F.3d 602, 607 (6th Cir. 2006). We balance four factors in evaluating a speedy trial claim: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

Jerdine has not established that a balancing of these factors weighs in his favor. *See United States v. Schreane*, 331 F.3d 548, 553 (6th Cir. 2003). Although the lengthy delay in Jerdine's case warrants a review of each of the *Barker* factors, *see United States v. Cope*, 312 F.3d 757, 777–78 (6th Cir. 2002), he has not established that his right to a speedy trial was violated.

The reason for the delay was justified. Contrary to Jerdine's arguments, the delay was largely due to the district court's need to address more than 100 of his pro se pleadings and his interlocutory appeals seeking release from detention. A defendant's pretrial motions toll the running of the speedy trial clock. *United States v. Sobh*, 571 F.3d 600, 604 (6th Cir. 2009). In addition, stand-by counsel agreed to continue the trial date beyond the speedy trial limit. Jerdine stated in his plea agreement that he was satisfied with stand-by counsel's advice. Finally, the district court also granted Jerdine's co-defendants' motions to continue the trial in order to prepare their defenses. The time between the filing date of a co-defendant's motion to continue and the date of the rescheduled trial is excludable

from the speedy trial time computation. *United States v. Gardner*, 488 F.3d 700, 718–19 (6th Cir. 2007).

Jerdine has not alleged facts establishing that he was prejudiced. "The Supreme Court has identified three defense interests a court should consider when determining actual prejudice in speedy trial cases: (1) oppressive pretrial incarceration; (2) anxiety and concern of the accused; (3) the possibility that the defense will be impaired." *Maples v. Stegall*, 427 F.3d 1020, 1031 (6th Cir. 2005) (citing *Barker*, 407 U.S. at 532). The most serious of these factors is the last. *Id*. The record indicates that Jerdine was incarcerated from the date of his arrest until his guilty plea. However, the delay was due to Jerdine's voluminous pro se pleadings. Any anxiety or extended detention was due to his repeated efforts to have the charges against him dismissed prior to trial and to obtain his pretrial release. Jerdine also fails to demonstrate that his defense was impaired due to the pretrial delay. Although Jerdine claims that his lack of access to a law library and research materials hindered his ability to prepare a defense, any lack of access did not prevent him from filing hundreds of pro se pleadings challenging various aspects of the proceedings. Moreover, stand-by counsel was available to conduct any necessary research and to contact witnesses. Jerdine has not presented any defense, or any legal precedent, that was made unavailable to him due to the lack of access to a law library. Under these circumstances, Jerdine was not denied his Sixth Amendment right to a speedy trial.

Finally, Jerdine's guilty plea waives his right on appeal to assert any claim challenging an alleged due process violation or a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). A defendant in a criminal case may waive his right to appeal his conviction and sentence, so long as the waiver is valid. *United States v. Bradley*, 400 F.3d 459, 463–64 (6th Cir. 2005). Jerdine does not argue that his plea was involuntary, and he did not reserve the right to raise these issues. Under these circumstances, his waiver is valid, and he may not assert a due process claim on appeal. *See United States v. Murdock*, 398 F.3d 491, 496–99 (6th Cir. 2005).

The district court's judgment is affirmed.